### THE UNITED STATES *vs.* JAMES E. HARDYMAN.

The defendant was indicted for receiving treasury notes of the United States, stolen from the United States mail. The indictment, in one of the counts, described one of the treasury notes as bearing interest annually of one per centum. A treasury note was offered in evidence, bearing interest at one M. per centum; and parol evidence was offered to show that treasury notes, such as the one offered in evidence, were received by the officers of the government as bearing interest of one mill per centum per annum, not one per centum per annum. The Court held that—

Treasury notes issued by the authority of the act of Congress passed on the 12th of October, 1838, are promissory notes within the meaning of the act of Congress of 3d March, 1825.

The letter M, which appears on the face of the note offered in evidence, is a material part of the description of the note.

It would be proper to receive parol evidence for the purpose of explaining the meaning of the letter M, and proving the practice and usage of the treasury department and officers of the government and others, lawful receivers of similar treasury notes; in order to show thereby the meaning intended to be attached, and actually attached, to the letter M by the treasury department and others; and that by such meaning the said treasury note bears one mill per centum interest, and not one per centum interest.

When a note is given payable in foreign coin, the value of each coin in current money must be averred; and under such averment evidence of the value may be received.

ON a certificate of division in opinion from the Circuit Court of the United States for the eastern district of Virginia.

James E. Hardyman was indicted in the Circuit Court of the eastern district of Virginia, for buying, receiving, and concealing treasury notes of the United States, knowing them to have been stolen. The treasury notes were alleged to have been stolen from the mail of the United States by Winston, a negro man, or by persons unknown. Winston was at the same time indicted for robbing the mail of the United States, of ten treasury notes. The indictment contained four counts, charging the defendant with receiving treasury notes, bearing interest at one per centum, and at five per centum per annum.

The defendant moved the Court to quash the indictment, upon the ground that the papers described in the said indictment are not promissory notes under the act of Congress approved on the 3d day of March, 1825, under which the prisoner is indicted; and the act of Congress, approved the 12th day of October, 1837, by virtue of which the said notes were issued, describes them as treasury notes, and does not provide, nor does any other act of Congress provide any penalty for stealing these notes from the mail of the United States, or receiving them, knowing them to be stolen; and upon this motion the Court being divided in opinion, the said indictment was not quashed.

The Attorney for the United States, further proceeding in the case, offered as evidence to the jury, a treasury note for fifty dollars, payable in one year, bearing interest at the rate of one M. per centum.

The counsel for the accused moved the Court to exclude it from

[The United States *vs.* James E. Hardyman.]

the jury as evidence, upon the ground that it does not answer the description of any one of the notes set forth in the indictment, as it bears interest after the rate neither of five per centum nor of one per centum, but bears an interest after the rate of one mill per centum, as signified by the letter "M" after the word "one" upon the face of the said note : and to sustain this motion, the defendant proved, by the collector of the port of Richmond, that he received notes such as that above described, as notes bearing interest after the rate of one mill per centum, and not one per centum, and the government so received them from him ; and the letter M aforesaid was understood to signify and be intended to mean mill : and also proved that the Secretary of the Treasury had issued, as far as the said collector, and another witness who derived his impression from the Treasurer of the United States, and the officers of the government, knew and believed, no treasury note bearing interest after the rate of one per centum. Upon this motion the Court was also divided in opinion, not being satisfied that the note did appear by its face to bear interest after the rate of one mill, and not being satisfied that it was competent to the defendant by parol evidence to explain any word or letter upon the face of the said note, so as to show what its meaning was, either by resort to any definition of it, or to the exposition of it by the practice of the treasury department, and the officers of the government and the public ; and, therefore, that it was not competent to the defendant so to explain the letter M aforesaid, which appears on the face of the said note, and of which no notice is taken in the indictment, for the purposes of showing that by that letter the makers of the said note intended to fix the rate of interest at one mill per centum. And thereupon, upon the motion of the accused, and with the consent of the Attorney for the United States, the Court adjourned to the Supreme Court of the United States for its decision, the following questions, viz. :—

1. Are the treasury notes issued by authority of the act of Congress passed on the 12th day of October, in the year 1838, promissory notes within the meaning of the act of Congress, approved on the 3d day of March, 1825, under which the prisoner is indicted ; and is there a sufficient averment in the indictment in this cause of the stealing and receiving of such treasury notes ?

2. Is the letter " M," which appears upon the face of the note offered as evidence, a material part of the description of the note ?

3. Would it be proper to receive parol evidence for the purpose of explaining the meaning of the said letter M, and proving the practice and usage of the treasury department and officers of the government and others, lawful receivers of similar treasury notes, in order to show thereby the meaning intended to be attached, and actually attached to the said letter M by the treasury department and others ; and that by such meaning the said treasury note bears one mill per centum interest ; and not one per centum interest ?

The case was submitted to the Court by Mr. Grundy, Attorney General of the United States.

23

[The United States *vs.* James E. Hardyman.]

Mr. Justice M'LEAN delivered the opinion of the Court:—

This case comes before this Court on a certificate of division of opinion of the judges of the Circuit Court, for the eastern district of Virginia.

The defendant was indicted under the 45th section of the post-office law, for buying, receiving, and concealing certain promissory notes called treasury notes, which he knew had been stolen from the mail of the United States. And, among others, one of the notes was described in the indictment, "as a promissory note called a treasury note, for the payment of fifty dollars, with interest at the rate of one per centum," &c.

On the production of the note in evidence, it was found to be accurately described in the indictment in all parts which were attempted to be described, except on the face of the note; instead of the above words of "with interest at the rate of one per centum," &c., the words were, "with interest at the rate of one M per centum."

And the counsel for the defendant moved the Court to exclude the note from the jury, for the variance; and to sustain this motion, the defendant proved, by the collector of the customs at Richmond, that he received notes, such as the one described, as notes bearing interest after the rate of one mill per centum, and not one per centum; and that the government so received them from him. And the judges being divided on this motion, as also on a motion to quash the indictment, on the ground that the notes set forth in the indictment were not promissory notes, within the act of Congress, the following points were certified for the decision of this Court.

1. Are the treasury notes issued by authority of the act of Congress passed on the 12th day of October, in the year 1838, promissory notes within the meaning of the act of Congress, approved on the 3d day of March, 1825, under which the prisoner is indicted; and is there a sufficient averment in the indictment in this cause, of the stealing and receiving such treasury notes.

2. Is the letter "M," which appears upon the face of the note offered as evidence, a material part of the description of the said note?

3. Would it be proper to receive parol evidence for the purpose of explaining the meaning of the said letter "M," and proving the practice and usage of the treasury department and officers of the government and others, lawful receivers of similar treasury notes, in order to show thereby the meaning intended to be attached, and actually attached, to the said letter M by the treasury department and others; and that by such meaning the said treasury note bears one mill per centum interest, and not one per centum interest.

As to the first point, we entertain no doubt that the notes described in the indictment, are promissory notes within the act of Congress under which the indictment is framed. They contain a promise to pay money by the United States, and they are substantially and technically embraced by the law. And we think the averment, though not very technically expressed in the indictment,

[The United States vs. James E. Hardyman.]

that the defendant received the notes, knowing them to have been stolen from the mail, is sufficient.

We think also, that the letter M, which appears on the face of the note, is a material part of it. It limits the interest on the note to one mill per centum, instead of one per centum, as stated in the indictment.

The indictment does not profess to set out an exact recital of the note, but merely to give such a description of it, as to make it evidence in the case. And this is all that the law requires. But the description, as far as it goes, must be accurate, so as to identify the note. Any substantial variance between the note described, and the one offered in evidence, must be fatal to the prosecution. In this respect the rules of pleading are the same in criminal as in civil proceedings.

If the note in question had been given by an individual, and an action of assumpsit had been brought on it, the declaration must have described it accurately; and by a proper averment shown the meaning and effect of the letter M, on the face of the note. And so where a note is given payable in foreign coin, the value of such coin, in current money, must be averred; and under such averment, evidence of the value may be received.

This treasury note might, perhaps, have been described in the indictment with sufficient certainty, without stating the rate of interest which it bears; but if this part of the note be described, it must be done accurately. And this might have been done by copying the words of the note, including the letter M. It would not have been improper, though not essential, after the recital, to aver the meaning and effect of the letter M; and then proof would be required to sustain the averment.

We think, under the circumstances of the case, that parol proof may be received to show the meaning and effect of the letter M, as inserted in the body of the note; and if such evidence shall establish a substantial variance between the note described in the indictment and the one offered in evidence, it must be fatal to the prosecution, whether such evidence be submitted to the decision of the Court or to the jury, under the instruction of the Court.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the eastern district of Virginia, and on the points and questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this Court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this Court, 1st. That the treasury notes issued by authority of the act of Congress, passed on the twelfth day of October, in the year 1838, are promissory notes, within the meaning of the act of Congress approved the third day of March, 1825, under which the prisoner is indicted; and that there is a sufficient averment in the indictment in this

cause of the stealing and receiving such treasury notes. 2d. That the letter " M," which appears upon the face of the note offered as evidence, is a material part of the description of said note. And, 3d. That it would be proper to receive parol evidence for the purpose of explaining the meaning of the said letter M, and proving the practice and usage of the treasury department and officers of the government and others, lawful receivers of similar treasury notes; in order to show thereby the meaning intended to be attached and actually attached to the said letter M by the treasury department and others, and that by such meaning the said treasury note bears one mill per centum interest, and not one per centum interest.