[No. 391.   August 24, 1892.]

## MORRIS WOHLGEMUTH, APPELLANT, v. THE UNITED STATES OF AMERICA, APPELLEES.

CRIMINAL LAW—PERJURY—INDICTMENT—PROOF—VARIANCE.—On a prosecution, on indictment, for perjury, where the indictment alleged that defendant, in making proof of a preemption claim, falsely swore that he had made "actual settlement" on the land on or about the first day of February, 1886, and that he "had built a house" and "resided on said land continuously until the first day of September, 1886," and the only evidence offered in support of the indictment was the deposition of defendant, taken to prove up his claim, from which it appeared he had testified that he made settlement on the land "about the first day of February, 1886; and that, in answer to the question, "Has your residence thereon since been continuous?" he testified, "Sometimes I had to make money to improve my place," and no mention was made of a house in the deposition; to the admission of which testimony defendant objected, on the ground of a variance, which was overruled,—Held: There was a material variance between the allegations and the proof offered to sustain them, and the court below erred in permitting the deposition to go to the jury.

APPEAL, from a judgment convicting defendant of perjury, from the Third Judicial District Court. Judgment reversed.

The facts are stated in the opinion of the court.

E. C. WADE for appellant.

THOMAS SMITH, United States district attorney, for appellees.

McFIE, J.—The defendant was convicted of the crime of perjury at the October term, 1888, of the district court of the Third judicial district, sitting in the county of Dona Ana, and the case is in this court on appeal by the defendant. The perjury alleged to have been committed by defendant was swearing falsely in

making proof upon his preemption claim, number 2671, before the register of the United States land office at Las Cruces, New Mexico, on the first day of September, 1886. The indictment alleges that the defendant Wohlgemuth, testified in his own behalf before said register; that he was duly sworn before a competent officer, and that it became material to show "that the said Morris Wohlgemuth had made actual settlement upon, and had built a house and placed improvements of a certain value upon, and had resided continuously upon, the east half northeast quarter section thirty, and west half northwest quarter section twenty-nine, township fifteen south, range twelve east, from the first day of February to the first day of September, eighteen hundred and eighty-six." The allegation of what the defendant did swear upon that occasion is as follows: "That he, the said Morris Wohlgemuth, made actual settlement on said land, on or about the first day of February, eighteen hundred and eighty-six, and that he had built a house and made ———— dollars' worth of improvements on said land, and that he commenced to reside on said land on the —— day of February, A. D. 1886, and that he resided on said land continuously until the first day of September, eighteen hundred and eighty-six." Upon the trial the prosecution offered in evidence the testimony of the defendant, taken in the form of question and answer, in the usual form, and upon the blanks used in the land office for that purpose; and from this written testimony of defendant it appears that what he actually did swear was as follows: "Question. When did you first make settlement on the above described land? Answer. About the first day of February, 1886. Question. What was your first act of settlement? Answer. Put in fence posts. Question. When did you first establish an actual residence on said land? Answer. February, 1886. Question.

Has your residence thereon since been continuous? Answer. Sometimes I had to make money to improve my place. Question. What improvements have you made on the land since settling it, and what is the value of the same? Answer. Made ditch, cleaned the land, and put in fence posts.''

These questions and answers were all included in the same deposition, upon the same sheet of paper, and constituted all of the testimony of the witness upon the points involved in this case. To the introduction of this deposition of the defendant, as evidence in the case, the defendant by his counsel at the time objected, upon the ground of variance; but the court overruled the objection, and permitted the deposition to go to the jury. To this ruling of the court, the defendant by his counsel at the time excepted, and that is one of the errors assigned for our consideration. An examination of the allegations of this indictment as to what time the defendant swore, and an examination of the defendant's testimony, which constituted the only proof offered in the case of what the defendant actually did swear, shows a decided variance between the allegations and the proof. Waiving consideration of the important blanks which are to be found in the allegations of this indictment, it will be observed that the indictment alleges that the defendant swore that he had made "actual" settlement on the first day of February, in 1886, while the affidavit shows that the witness swore that he had made "settlement." It may be contended that the word "actual" being added is of no importance, but we are disposed to attach some importance to the word "actual" in this case. The word actual being added to the word "settlement," was calculated to lead the jury to believe that settlement was equivalent to "residence;" but, when used in connection with preemption claims upon land, it does not

PERJURY: indictment: proof: variance.

necessarily mean "residence." A preemption claim-
ant may make "settlement" upon land by actually
establishing a residence thereon, but he may make
"settlement" upon the land, within the meaning of the
preemption law, without actually residing upon the
land. "Settlement," within the meaning of the pre-
emption law, may be made by the erection of a dwell-
ing house, or by the erection of a fence, or many
other visible acts of the preemptioner's expression of
his intention to appropriate, and such acts as are cal-
culated to give notice to the world that he has appro-
priated a certain portion of the public domain.

But the indictment further alleges that the defend-
ant swore that he had built a house on said land; but
an examination of the testimony shows that the witness
did not so swear. On the contrary no mention of a
house is to be found in his testimony. Again, the
indictment alleges that the defendant swore that he
commenced to reside on said land on the.—— day of
February, A. D. 1886, and that he resided on said
land continuously until the first day of September,
1886. The witness did not so testify. The defendant
was asked the following question: Has your residence
thereon since been continuous? Answer. "Sometimes
I had to make money to improve my place." This
answer can not be construed to mean what is alleged
the defendant swore upon that point. It is only by
the merest inference that such a meaning could be
induced from it. The witness' answer is either no
answer at all, or it is equivalent to saying that he did
not reside continuously on the same. Certainly it can
not be contended that by that answer he swore to a
continuous residence on the land, as is alleged in the
indictment. The court permitted this deposition or
affidavit to go to the jury, over the objection of coun-
sel, and we think this was error. There was a mate-
rial variance between the allegations and the proof

offered to sustain them. The testimony of the defendant was reduced to writing at the time he made proof upon his preemption claim, and it was the best evidence of the facts sworn to by him, and no other testimony was offered upon the trial. The testimony that was permitted to go to the jury, as shown by this record, was clearly incompetent; and upon the objection of the defendant, for variance, it should have been excluded, under this indictment.

The rule of pleading on this subject is well settled. The pleader may set out the instrument upon which the perjury is assigned in haec verba, or he may set it out in substance; but, if he elect to set out the substance, he must set it out correctly. 2 Bish. Crim. Proc. [3 Ed.], secs. 911, 913; 2 Whart. Crim. Law [9 Ed.], secs. 1129, 1313; U. S. v. Hardyman, 13 Pet. 178.

It is not necessary to consider further the assignments of error in this case inasmuch as the first assignment of error fully justifies a reversal of the judgment of the court below. The judgment will be reversed and the cause remanded to the lower court for further proceedings in accordance with the views herein expressed.

O'BRIEN, C. J., and FREEMAN, SEEDS, and LEE, JJ., concur.