## BUIE v. UNITED STATES.
### No. 10073.

Circuit Court of Appeals, Fifth Circuit.
April 21, 1942.

Rehearing Denied May 18, 1942.

Mack Taylor, of Fort Worth, Tex., for appellant.

William P. Fonville, Asst. U. S. Atty., of Fort Worth, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered in the court below correcting an erroneous entry of a previous sentence and judgment on the records of the court. Appellant contends (1) that the evidence does not support the judgment, (2) that certain evidence introduced by the Government was inadmissible, (3) that the court lacked jurisdiction of the subject matter, and (4) that the court was without jurisdiction to change the substance of its judgment after the expiration of the term at which it was rendered.

Appellant was tried, convicted, and sentenced in a United States district court in Texas on seven counts of an indictment charging violations of the mail-fraud statute. The minutes of the court recited a sentence to five years imprisonment on the first count to be served, and a sentence to five years' imprisonment on counts two to seven, inclusive, to be served, but was silent as to whether the sentences were to run concurrently or consecutively. The commitment directed that the sentences be served consecutively.

After serving five years in a penitentiary, appellant obtained a writ of habeas corpus in a United States district court in Missouri directing his release from custody on the ground that the sentences were ambiguous and that the ambiguity should be resolved in favor of the prisoner. Execution upon the judgment was stayed for thirty days, however, with the proviso that the entry of a modified judgment imposing consecutive sentences within that time should render the judgment of discharge inoperative.

The Government thereupon filed in the district court in Texas its motion to correct the records of said court, alleging that the

sentence as pronounced imposed two five-year sentences to be served consecutively, and that the minutes of the court should be corrected to conform thereto. A writ of habeas corpus ad prosequendum brought the prisoner before the court below, and a rule to show cause why the motion to correct the minutes should not be granted was served upon him. The cause was heard, and judgment was entered directing that the minutes be corrected to provide that the sentences run consecutively, which judgment was entered thirty-eight days subsequent to the order entered by the district court in Missouri.

The Government offered as witnesses the district judge who imposed the sentences, and the marshal who was in attendance and heard the sentences pronounced. Each testified that he recalled the sentences, and that appellant was sentenced to serve two five-year terms in the penitentiary, said terms to run consecutively or for a total of ten years. The deputy clerk, who attended the trial in an official capacity and who recorded the sentences, testified, over the objection of the appellant, as to the meaning of abbreviated notes relating to the sentences that he had officially made at the time sentence was pronounced. These notes, as interpreted by the deputy, show that the sentences were imposed to run consecutively.

█ In view of this evidence, the record containing nothing to the contrary, the court below was constrained to hold, as it did, that the prisoner actually was sentenced to serve two sentences of five years each to run consecutively. The minutes of the court did not reflect the true sentence, and it was within the power of the court, and was its duty, to correct its records to conform to the truth.[1]

█ The testimony of the deputy clerk as to the meaning of the abbreviations officially made by him upon documents offered in evidence was clearly admissible. This testimony merely translated the sense of the abbreviations into ordinary language, leaving the recognized meaning unchanged. This is a common and proper function of extrinsic evidence. United States v. Hardyman, 13 Pet. 176, 38 U.S. 176, 10 L.

Ed. 113; Watlington v. United States, 8 Cir., 233 F. 247; 20 Am.Jur. § 1149; 23 C. J.S., Criminal Law, § 857; Wigmore on Evidence, 3d Ed., § 2459.

█ Finally, the writ of habeas corpus issued by the district court in Missouri had no effect upon the jurisdiction of the court below to proceed with the cause before it. Appellant was not then in custody under the commitment issued pursuant to the incorrect sentence; he was before the court under the writ of habeas corpus ad prosequendum. The court had inherent power, in his presence, to correct its records even though the term had passed.[2]

We find no reversible error in the record, and the judgment appealed from is affirmed.

---

[1] In re Wight, 134 U.S. 136, 10 S.Ct. 487, 33 L.Ed. 865; Gagnon v. United States, 193 U.S. 451, 24 S.Ct. 510, 48 L. Ed. 745; United States v. Bishop, 5 Cir., 47 F.2d 95; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223.

[2] Rupinski v. United States, 6 Cir., 4 F.2d 17; United States v. Bishop, 5 Cir., 47 F.2d 95; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223.