## MONTGOMERY et al. v. UNITED STATES.

### No. 13509.

Circuit Court of Appeals, Eighth Circuit.
Jan. 16, 1948.

Rehearing Denied Feb. 19, 1948.

Donald H. Latshaw, of Kansas City, Mo., for appellants.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is the second appeal in this case.

On January 15, 1940, the appellants had pleaded guilty in the district court of the western district of Missouri to four separate indictments then pending and were sentenced to imprisonment for a term aggregating ten years. On the first appeal the question to be decided was whether the district court by ex parte orders could amend its records to show that the ten-year aggregate sentence was to be served consecutively to three prior consecutive sentences of five years each imposed upon appellants by the district court of West Virginia on June 27, 1939. This court answered that question in the negative, vacated the orders and remanded the case with directions. Montgomery et al. v. United States, 8 Cir., 134 F.2d 1.

The issues were raised by a motion of the appellants alleging that the sentence imposed by the district court of Missouri on January 15, 1940, was to run concurrently with the last two sentences imposed by the district court in West Virginia. The United States Attorney filed counter-motions alleging that the sentence actually imposed on January 15, 1940, provided that it was to be served consecutively to the three West Virginia sentences and asked that the court records be corrected accordingly. This court held that the issue thus presented could be tried only in the presence of the appellants, before a judge who was not a material witness, upon evidence, and by the making of findings of fact, conclusions of law, and the entry of a decree. Citing Downey v. United States, 67 App. D.C. 192, 91 F.2d 223; Buie v. United States, 5 Cir., 127 F.2d 367; and other authorities.

The sentence of January 15, 1940, was imposed by Judge Reeves. When the case was remanded it was tried before Judge Otis, the appellants being present and represented by counsel. After hearing the evidence Judge Otis made findings of fact and conclusions of law and entered a decree correcting the court records to show that the sentence actually imposed on January 15, 1940, by Judge Reeves provided that it was to run consecutively to the three West Virginia sentences. Hence this second appeal.

The only substantial question to be determined on this appeal is whether the evidence supports the findings of Judge Otis.

At the trial the Government introduced the testimony of Mr. John W. Scott, an at-

torney of Joplin, Missouri, who represented the appellants on January 15, 1940, when the questioned sentence was imposed; of Mr. Otto Schmid, the Assistant United States Attorney who represented the Government at that time; and of Judge Reeves, the judge who imposed the sentence. The appellants, although present, did not testify. They introduced only the longhand minutes of the clerk of the court who wrote the record sought to be corrected. The testimony of the Government's witnesses was not disputed.

Judge Otis found that on January 15, 1940, Mr. Scott, counsel for appellants, was told by them that they had been sentenced in West Virginia to a total of fifteen years' imprisonment. Their counsel then consulted with the United States Attorney who agreed with him and appellants that he would recommend to the court that appellants be given an additional sentence of ten years on the indictments in Missouri, to be served consecutively with the sentences which had been imposed in West Virginia; that appellants understood, and it was in accordance with their suggestion that their counsel agreed with the United States Attorney to recommend that the sentence to be imposed aggregating ten years should be served consecutively with the fifteen years to which the appellants had been sentenced in West Virginia.

When the matter came on for disposition before Judge Reeves, and he was advised that the appellants were serving fifteen years' imprisonment imposed in West Virginia he accepted the recommendation of the United States Attorney that the sentence imposed by him should be for an aggregate of ten years to be served consecutively and in addition to the fifteen years imposed upon appellants by the court in West Virginia. He did not know that the imprisonment imposed by the court in West Virginia consisted of three five-year sentences to be served consecutively instead of one fifteen-year sentence.

After imposing sentence from the bench upon the pleas of guilty to the four indictments for a term aggregating ten years, Judge Reeves "uttered these words * *: To be served consecutively with the fifteen year sentence imposed in West Virginia.'

now being served, being a total of twenty-five years' imprisonment."

The deputy clerk on his minutes recorded in longhand wrote down the sentence as he understood it. In one case he wrote: "Consecutively to sentence now being served." Again, "Consecutively to present sentence being served." One judgment entry read: "Said sentence of imprisonment to be served consecutive to the imprisonment now being served under sentence from West Virginia." There are other variations in his minutes and in the judgment entries.

The testimony as to the sentence actually imposed by Judge Reeves unequivocally supports the findings of fact of Judge Otis, and there is no contrary evidence.

■ Having had such a trial as this court directed, the findings of fact of Judge Otis supported as they are by undisputed evidence are conclusive. Having found what the actual sentence was, the only question remaining for consideration was whether the sentence actually imposed by Judge Reeves was clear and understood at the time by the appellants. If not, then the rule applies that "Serious uncertainty in criminal sentences must be resolved in favor of liberty." Aderhold v. McCarthy, 5 Cir., 65 F.2d 452, 453; Downey v. United States, supra, 67 App.D.C. 192, 91 F.2d 223, at page 226. If the meaning of the sentence is seriously uncertain it must be held to be concurrent with the last two five-year sentences imposed by the district court in West Virginia, as contended by appellants, which would result in no punishment at all for the violations of law charged in the four indictments in Missouri to which pleas of guilty were entered.

Judge Otis concluded that the sentence actually announced by Judge Reeves was the sentence of the court. He further concluded that the obvious meaning of the sentence imposed was that the ten-year aggregate of the sentence was to be served consecutively to a "fifteen-year sentence now being served, a total of twenty-five years"; and that such was "the only possible meaning that the words he [Judge Reeves] used could have conveyed and did convey to the defendants" [appellants].

It would be unprofitable to comment at length upon such a record. Under the evidence before him Judge Otis could not have reached a different conclusion. It was his duty, therefore, to correct the record accordingly in order that the record should reflect the truth. See Buie v. United States, 5 Cir., 127 F.2d 367.

The contentions of the appellants are without merit. They relate to the weight of the evidence and to legal principles which have no application to the facts of this case. In our former opinion (134 F. 2d 1) the law applicable to the issues was sufficiently discussed.

Affirmed.