**DAVIS v. UNITED STATES.**
No. 14799.

United States Court of Appeals, Eighth Circuit.

Jan. 25, 1954.

Appellant filed brief pro se.

George E. MacKinnon, U. S. Atty., and Alex Dim, Asst. U. S. Atty., St. Paul, Minn., filed brief, for appellee.

Before JOHNSEN and COLLET, Circuit Judges, and NORDBYE, District Judge.

COLLET, Circuit Judge.

Appellant entered a plea of guilty, June 3, 1935, in the United States District Court for the District of Minnesota, to an indictment charging that he conspired with others to, and did, kidnap Edward George Bremer at St. Paul, Minnesota, and transport him into the State of Illinois. Sentence was deferred until June 7, 1935, at which time he was sentenced to life imprisonment by Judge Matthew M. Joyce. Appellant did not have counsel. He was thereafter confined at Alcatraz. In 1940 he sought a writ of habeas corpus in the Northern District of California upon the ground that he was deprived of his liberty without having the assistance of counsel. The writ was denied. In December, 1952, appellant filed a motion in the sentencing court of Minnesota under Sec. 2255, Title 28 U.S.C.A., for an order va- cating and setting aside his sentence of June 7, 1935. The grounds of his motion were that he was sentenced without the advice of counsel, that he did not know of his right to counsel, did not waive counsel, was led to believe that if he entered a plea of guilty he would be given a term of years, that he was not taken before a United States Commissioner, was not given a copy of his indictment, and was held incommunicado.

The trial court denied the motion without a hearing, upon the files and record in the sentencing court and the record in the California habeas corpus proceedings. The court found, in a memorandum opinion, that appellant was fully apprised of his constitutional right to counsel and freely and intelligently waived his right to counsel; that there was no support for his claim that he would be given a term of years if he entered a plea of guilty; that since appellant was arrested pursuant to a grand jury indictment, there was no necessity that he be taken before a United States Commissioner; that the indictment was read to him before he entered his plea of guilty; and that he was not held incommunicado prior to his trial.

The record before us discloses the denial in the habeas corpus proceedings of appellant's claim that he did not waive the benefit of counsel, and several affidavits which purport to be at least part of the evidence in the District Court of California in that proceeding. That evidence in the habeas corpus proceeding supports the trial court's conclusion that appellant was apprised of his right to counsel, waived counsel, and was not misled or mistreated.

Accompanying the filing of the motion to set aside the sentence was a petition for a writ of habeas corpus ad testificandum for appellant's presence at the hearing on the motion. That petition was not granted, appellant was not present at the hearing on the motion and had no opportunity to offer testimony in support of his motion. The procedure was, as heretofore indicated, under Sec. 2255 of the Judicial Code. 28 U.S.C. (Supp.

IV) § 2255, 28 U.S.C.A. § 2255. By express provision of Sec. 2255 the motions under that section, such as this one, may be determined without requiring the production of the movant prisoner[1]. It is equally clear from the Supreme Court's opinion in United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 274, 96 L.Ed. 232, that—"whether the prisoner should be produced depends upon the issues raised by the particular case."

In the Hayman case the dominant issue was whether the movant "enjoyed the effective assistance of counsel guaranteed defendants in federal courts by the Sixth Amendment." Specifically, in that case the movant alleged that a principal witness against him at his trial, and a defendant in a related case, was represented by the same lawyer as movant, that he was not told of the dual representation and had no way of discovering the conflict until after the trial was over. It appeared from court records that the witness entered a plea of guilty in the related case and did testify against movant. Since such a conflict of interest might have prejudiced movant, the trial court and the Court of Appeals found that the allegation warranted a hearing under the pertinent provision of Sec. 2255 that:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief the court shall * * * grant a prompt hearing * * *, determine the issues and make findings of fact and conclusions of law with respect thereto."

In the Hayman case the hearing was ex parte, the trial court found that movant's counsel had represented both parties with the knowledge and consent and at the instance and request of movant, and denied the motion to vacate the sentence. The Supreme Court did not reconsider the concurrent finding of the trial court and the Court of Appeals that the motion raised substantial issues of fact calling for an inquiry into their verity, but proceeding to the question of the propriety of the hearing being ex parte, held that under the circumstances of that case, in view of the nature of the issue raised, the hearing on the motion should not have been ex parte and that movant should have had an opportunity to be present.

In the present case the motion was denied without a formal hearing upon the ground that the files and records of the case conclusively showed that the prisoner was not entitled to relief.

Several of the grounds of the motion were obviously susceptible of determination from the files and records of the case. The date of the arraignment and plea, as shown by the records and the motion, demonstrated that at that time there was no requirement that appellant be furnished with a copy of the indictment. Cuckovich v. United States, 6 Cir., 170 F.2d 89. The files and records of the case also showing that appellant was arrested under a warrant pursuant to a grand jury indictment, it conclusively appeared therefrom that it was not necessary that he be taken before a United States Commissioner. And the complaint that appellant was held incommunicado may, under the circumstances of this case, be treated as incidental to his claim that he did not know of his right to counsel, and did not waive that right. It need not therefore be given separate consideration.

Did the allegations that appellant did not know of his constitutional rights to counsel, and, not knowing of those rights, did not waive them by voluntarily entering his plea of guilty without the benefit of the advice of counsel, "raise substantial issues of fact calling for an inquiry into their verity"? United States v. Hayman, 342 U.S. 205, 210, 72 S.Ct. 263, 268. However convincing an ex parte showing might be that the allegations were without merit in fact, if appellant has been denied an opportunity to be heard on such an issue he

---

[1]. "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

"has lost something indispensable". United States v. Hayman, supra. That the allegation of lack of knowledge of his constitutional right to counsel, that he was not apprised of that right, and not knowing of the right did not waive it, is such a substantial issue as to require an inquiry into the validity of the claimed deprivation is not open to serious question. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; United States v. Hayman, supra; Mothershead v. King, 8 Cir., 112 F.2d 1004. Therefore, unless, as Sec. 2255 provides, "the motion and the files and records of the case conclusively show" the prisoner is entitled to no relief, he has been denied an indispensable opportunity to be heard. What files and records?

█ It appears from the trial court's memorandum in this case that these same issues were presented in the California habeas corpus proceedings. The entire record of those proceedings does not appear from this record to have been before the trial court. Pursuant to our order that the clerk of the District Court submit the original files in the case to this court, we have before us, as a part of those files, the certificate of the United States District Court for the Northern District of California denying appellant's petition to appeal in forma pauperis from the denial of his application for habeas corpus. In that certificate the issues involved in the habeas corpus proceeding are referred to as follows:

"The petitioner was sentenced to life imprisonment upon his plea of guilty to a violation of 18 U.S.C.A. 408A [now § 1201]. He based his application for a writ of habeas corpus upon the ground that 'he was deprived of his liberty without having the assistance of counsel in his behalf.'

"The records of the case disclose that the petitioner intelligently waived the right to counsel."

Again, what records? We have before us the record in the kidnapping case in Minnesota, where the arraignment, plea and sentence took place. That record is silent on the question of appellant's knowledge of his rights and waiver of those rights.[2] Hence the record in the sentencing court could not have been the "record" referred to in the habeas corpus proceeding. The only other record of the habeas corpus proceedings certified to us by the clerk of the District Court consists of copies of a number of ex parte affidavits which purport to have been filed in the habeas corpus proceedings. These affidavits relate to all of appellant's three remaining issues now under consideration, to wit, that he did not know his constitutional right to counsel, that he did not waive that right, and that he was led to believe he would be given a term of years if he entered a plea of guilty. Those affidavits, as heretofore indicated, furnish ample justification for the conclusion that those allegations or claims are without merit. But, again, they appear, insofar as the record before us shows, to have been ex parte, in an ex parte habeas corpus proceeding. We might indulge the presumption that the habeas corpus hearing was not ex parte if it were not for the fact that, as stated in Walker v. Johnston, 312 U.S. 275, 284, 285, 61 S. Ct. 574, 85 L.Ed. 830, the practice in the Ninth Circuit prior to the decision of Walker v. Johnston, February 10, 1941, had been to adjudicate the right to writs of habeas corpus upon the allegations of the petition and traverse, the return, and ex parte affidavits, without the taking of testimony. But we also cannot conclusively assume that the practice followed generally in the Ninth Circuit was followed in this particular habeas corpus proceeding, although appellant asserts in his brief that it was. Hence, the best we can make out of the record before us is that it appears that appellant nowhere along the line has had an opportunity to

2. The record shows: "Upon being questioned by the Court said defendant stated that he did not desire the advice of counsel and entered a plea of guilty of the charge in the indictment."

be heard on these issues, one or more of which are substantial, could not be determined from the motion and the files and records in the case, and hence should be determined on other than ex parte affidavits. Walker v. Johnston, supra; United States v. Hayman, supra.

If these issues have been heard and determined in the habeas corpus proceeding in the manner required by Walker v. Johnston, and the files and records of that proceeding demonstrating that fact are before the trial court in this Sec. 2255 proceeding, the trial court could treat the record of the habeas corpus proceedings as part of the "files and records of the case" within the meaning of Sec. 2255 and deny the motion without a hearing on the ground that the "files and records" "conclusively" show appellant was entitled to no relief. Collins v. United States, 8 Cir., 206 F.2d 918. But the record before us does not present that situation. Walker v. Johnston and United States v. Hayman require that the opportunity for such a hearing must be given somewhere when the motion presents "substantial issues of fact" not determinable from the motion, files and records, "and * * * calling for an inquiry into their verity." United States v. Hayman, supra.

We are not unmindful of the fact, as shown by the record, that Judge Joyce, who determined the present Sec. 2255 proceeding, was also the sentencing court in 1935 and that in his memorandum opinion denying the present motion he states:

"The record conclusively shows, and *corroborates my own recollection in this regard,* that the petitioner was fully apprised of his right to have counsel and freely and intelligently waived his right thereto." (Italics ours)

That the record referred to by the trial court is not such a record as that contemplated by Sec. 2255 has been demonstrated. It possibly would appear to be a comparatively useless expenditure of time and money to hold a hearing for the purpose of giving a convicted person an opportunity to convince the trial judge that the judge's recollection of the events which transpired in an important case such as this, the details of which he would more vividly remember, was faulty and that the convicted person's own recollection was more accurate. But if, as is evident from the authorities cited, the prisoner has a right to at least one chance to correct what he believes has been a deprivation of his constitutional rights by showing that the memory of lay witnesses is not as accurate as his own, there is no good reason why he should not have the same opportunity to correct what he believes to be a faulty recollection of the judge. While the latter may appear more difficult to the prisoner, it certainly is more important to him that he have the opportunity. And if practicalities be a consideration, fair and open-minded judges like Judge Joyce have no more hesitancy in changing their minds, as judges or as witnesses,[3] when convinced they are in error than they have in following their judgment or recollection when convinced it is correct. The "tradition of judicial proceedings" defined by Chief Justice Hughes in Morgan v. United States, 298 U.S. 468, 480, 56 S.Ct. 906, 911, 80 L. Ed. 1288, of which we are recently reminded by Chief Justice Vinson in United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 272, 96 L.Ed. 232, requires that appellant have the opportunity.

Observation and experience compel the conclusion that in many instances allegations such as those now under consideration are not honestly made and constitute barefaced perjury. In many other instances lapse of time and wishful thinking ripen into a conviction that events were as alleged, when in fact they were not. But however onerous the burden may be, the protection of the rights of persons in the comparatively few meritorious cases requires the careful adherence to our traditions of judicial proceedings in all cases, in order that

3. See Montgomery v. United States, 8 Cir., 134 F.2d 1; Montgomery v. United States, 8 Cir., 165 F.2d 196.

the few may be discovered. And while in many instances the penalty for willful perjury would be ineffective, and in many others inappropriate, its application under proper circumstances will further the ends of justice in several ways.

The cause must be and is reversed and remanded for further proceedings not inconsistent herewith.