**Joseph GOMES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 9568.**

United States District Court
D. Connecticut.

June 27, 1963.

J. Edward Caldwell, Bridgeport, Conn., for petitioner.

Robert C. Zampano, U. S. Atty., New Haven, Conn., for respondent.

TIMBERS, District Judge.

Petitioner Joseph Gomes, a prisoner in the United States Penitentiary at Lewisburg, Pennsylvania, submitted to this Court December 20, 1962 (i) a motion, pursuant to 28 U.S.C. § 2255, to vacate and set aside as illegal a five year sentence imposed by this Court upon defendant March 26, 1962 upon his plea of guilty to two counts charging him with the offenses of selling a narcotic drug knowing the same to have been brought into the United States contrary

to law, in violation of 21 U.S.C. § 174, and selling a narcotic drug without the required written order form issued in blank, in violation of 26 U.S.C. § 4705 (a); (ii) a motion for leave to proceed in forma pauperis; and (iii) a motion for appointment of counsel.

The grounds of petitioner's Section 2255 application are alleged to be:

(1) That he was held incommunicado for 144 hours under a federal warrant at the state jail in Bridgeport; and

(2) That he was denied a preliminary hearing as required by Rule 5, Fed.R.Crim.P.

This Court December 21, 1962 entered an order, in response to petitioner's motions submitted December 20, 1962, as follows: (i) granting petitioner's motion for leave to proceed in forma pauperis in this Court in connection with his Section 2255 application; (ii) granting petitioner's motion for appointment of counsel to represent him in this Court in connection with said application; (iii) directing the United States Attorney not later than January 3, 1963 to serve upon petitioner's court appointed counsel and to file with the Court a written return showing cause, if there be any, why petitioner's motion to vacate and set aside his sentence pursuant to Section 2255 should not be granted; assigning for hearing January 7, 1963 petitioner's Section 2255 application and respondent's written return thereto; and ordering that production of the prisoner at the hearing was not required.

A hearing was held in this Court upon petitioner's Section 2255 application and respondent's written return thereto. Petitioner was represented at the hearing by court appointed counsel. Respondent was represented by the United States Attorney.

This Court makes the following findings of fact and conclusions of law based on petitioner's application, respondent's written return thereto, the hearing in this Court thereon and the files and records of this Court.

## FINDINGS OF FACT

**1.** Petitioner was indicted December 29, 1961 by a Grand Jury in this district and charged with violations of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). The indictment was handed up to Chief Judge Anderson in New Haven on that date. On the same day a bench warrant was issued by this Court for the arrest of petitioner who was then being held as a prisoner of the State of Connecticut at the Fairfield State Jail at Bridgeport. Federal officials had nothing to do with petitioner's arrest by the state authorities.

**2.** January 3, 1962 the bench warrant issued by this Court was lodged as a detainer at the Fairfield State Jail where petitioner was being held as a state prisoner.

**3.** January 10, 1962 a writ of habeas corpus ad prosequendum was issued by this Court ordering the warden of the Fairfield State Jail to produce petitioner before this Court January 15, 1962.

**4.** In response to said writ, petitioner was produced in this Court January 15, 1962, at which time he was arrested pursuant to the bench warrant issued by this Court.

**5.** Immediately after being arrested, petitioner was presented January 15, 1962 before Chief Judge Anderson for plea. As a result of questioning petitioner in open court that day, Chief Judge Anderson ascertained that petitioner was not represented by counsel; that he was without funds or assets to retain counsel of his own choosing; and that he desired court appointed counsel to represent him. Accordingly Chief Judge Anderson then and there appointed counsel to represent petitioner and continued the case to January 22, 1962 for plea; such appointment of counsel and continuance of the case was done in open court and in the presence of petitioner.

**6.** January 22, 1962, accompanied by counsel, petitioner was presented before Chief Judge Anderson for plea. He entered a plea of not guilty to both counts of the indictment. His counsel

requested trial by jury. The case was continued for trial.

7. March 6, 1962 the case came on for trial before Judge Timbers. Before a jury was empanelled, petitioner, accompanied by counsel, requested permission of the Court to withdraw his plea of not guilty (entered January 22, 1962) and to plead guilty to both counts of the indictment. As a result of questioning petitioner in open court and in the presence of his counsel, Judge Timbers ascertained that petitioner was fully familiar with the charges against him in both counts of the indictment; that nothing had been given or promised to him to induce him to change his plea; that such change of plea was being done freely and voluntarily by him; and that he understood as a result of such change of plea the Court might impose punishment upon him. Accordingly petitioner was permitted to plead guilty to both counts of the indictment. The case was continued for presentence investigation and report.

8. March 26, 1962, accompanied by counsel, petitioner was presented before Judge Timbers for sentencing. After hearing petitioner's counsel speak in his behalf and according petitioner the right of allocution, Judge Timbers sentenced petitioner to concurrent terms of five years imprisonment on each count of the indictment.

## CONCLUSIONS OF LAW

1. Petitioner was not illegally detained under a federal warrant, for the reasons that

(a) At the time petitioner was indicted by a federal grand jury and a federal bench warrant was issued for his arrest December 29, 1961, petitioner was in the state jail in custody as a prisoner of the State of Connecticut.

(b) The lodging of the federal bench warrant as a detainer at the state jail January 3, 1962 did not alter petitioner's status as a state prisoner.

(c) The necessity of having petitioner produced in the federal court pursuant to a writ of habeas corpus ad prosequendum directed to the warden of the state jail confirms that petitioner was in state, not federal, custody.

(d) Petitioner remained in state custody until the federal bench warrant was served on him January 15, 1962.

(e) Immediately upon being arrested pursuant to the federal bench warrant, petitioner was presented January 15, 1962 before the federal court for plea.

(f) There was no requirement, since there was no opportunity, for federal agents to present petitioner for arraignment on the federal charges until the state authorities made him available for that purpose; in short, the prompt arraignment requirements of federal law arise only when a prisoner is in federal, not state, custody. Ragavage v. United States, 272 F.2d 196, 197 (5 Cir. 1959); Papworth v. United States, 256 F.2d 125, 128 (5 Cir. 1958); Brown v. United States, 228 F.2d 286, 289 (5 Cir. 1955).

2. Petitioner was not denied a preliminary hearing as required by Rule 5, Fed.R.Crim.P., for the reasons that

(a) Having been arrested under a warrant pursuant to a federal grand jury indictment, it was not necessary that petitioner be taken before a United States Commissioner. Davis v. United States, 210 F.2d 118, 120 (8 Cir. 1954); Boone v. United States, 185 F.Supp. 411, 412 (W.D.Ky.1959).

(b) Immediately upon being arrested by federal authorities under a federal bench warrant, petitioner was presented forthwith before the federal court for plea.

3. Petitioner is not entitled to have the sentence imposed on him March 26, 1962 vacated, set aside or corrected.

4. Petitioner is not entitled to be released from custody.

Accordingly, petitioner's application pursuant to 28 U.S.C. § 2255 is denied.