## THE STATE OF KANSAS v. MARK McBEE.

**No. 654.**    (61 Pac. 1093.)

CRIMINAL LAW—*Amendment of Judgment—Additional Penalty.*
A journal entry of judgment in a criminal case cannot be amended
after the sentence as stated in such journal entry has been fully
served and the fine and costs paid, by adding thereto a penalty
for failure to give the good-behavior bond provided for in the stat-
utes.

Appeal from Elk district court; C. W. SHINN,
judge. Opinion filed July 25, 1900. · Reversed.

*W. A. McCausland,* for The State.
*John Marshall,* and *L. Scott,* for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : At the October term, 1899, of the
district court of Elk county, the defendant was charged
in four counts with violating the prohibitory law.

The defendant McBee asked that he be permitted to
plead guilty to one count, and the county attorney
asked the court to accept the plea and recommended
"that the sentence of the court be the minimum pen-
alty fixed by law, provided that he save the state from
all costs." It was further represented to the court
that "the defendant McBee is engaged in business in
said city of Howard as a druggist, and is so conduct-
ing his business as to reflect credit upon himself as an
honorable gentleman, and, as I verily believe, has been
so conducting said business for a long time prior to
this date."

Upon this recommendation, the district court ac-
cepted the plea of guilty to the first count and the
prosecuting attorney dismissed as to the remaining
three.

At the time the defendant was sentenced, the trial judge entered upon his docket the following :

"October 3.  Defendant withdraws his plea of not guilty as to the first count of the indictment, and enters a plea of guilty as charged in the first count of the indictment.  Defendant sentenced to confinement in the county jail for thirty days and pay a fine of $100 and costs of prosecution, stand committed to the county jail until fine and costs are paid, and to enter into a bond in the sum of $500, with sureties to be approved by the clerk, to be of good behavior for two years, and particularly not to violate any of the provisions of the law regulating the sale of intoxicating liquors.  *Nolle pros.* as to the remaining counts of this indictment entered by the county attorney."

.From this memorandum made by the court the following journal entry of the sentence and judgment of the court was drawn and recorded, and the defendant committed accordingly :

"Now, on this 3d day of October, 1899, comes said plaintiff, by W. A. McCausland, county attorney of Elk county, Kansas, and comes said defendant in his own proper person and by John Marshall, his attorney ; and thereupon said defendant asks leave of the court to withdraw his plea of 'not guilty' as to the first count of the indictment filed herein against him, which leave is by the court granted, and thereupon said defendant withdraws his plea of 'not guilty' as to the first count of the indictment herein ; and thereupon said defendant waives an arraignment under the first count of the indictment herein and enters a plea of 'guilty' as to the first count of said indictment ; and thereupon the said W. A. McCausland, county attorney of Elk county, Kansas, asks leave of court to dismiss this action as to the second, third and fourth counts of the indictment filed herein, which leave is by the court granted ; thereupon said defendant asks that judgment be pronounced upon his plea of 'guilty' as to the first count of the indictment

herein ; and thereupon said defendant, Mark McBee, was informed by the court that he had plead guilty to selling intoxicating liquors contrary to law, as charged in the first count of the indictment filed herein against him, and being inquired of by the court if he had any legal causes to show why judgment should not be pronounced against him according to law and said defendant failed to show any cause.

"It is therefore by the court considered, ordered, adjudged and sentenced that said defendant, Mark McBee, be confined in the jail of Elk county, Kansas, for a period of thirty (30) days, that he pay a fine of one hundred dollars ($100) to the state of Kansas, that he pay the costs of this prosecution, taxed at $——, and that he be committed until such fine and costs are paid, and that he give bond, with sureties to be approved by the clerk of this court, in the sum of five hundred dollars ($500) to be of good behavior for two (2) years, and particularly not to violate any provision of the law regulating the sale of intoxicating liquors. It is by the court further ordered that this action be dismissed as to the second, third and fourth counts of the indictment herein."

It appears that after the defendant had been confined in jail for thirty days, and after he had paid the fine and costs, he demanded of the sheriff that he be released and discharged. The sheriff refused to release him for the reason that no bond had been given as required by the court. The defendant appealed to the probate court of Elk county for a writ of *habeas corpus,* which was granted, and upon the formal hearing the defendant was discharged.

On the 6th of February, 1900, the county attorney filed the following motion to amend and correct the journal entry made on the 3d day of October, 1899 :

"Now comes the county attorney of Elk county, Kansas, W. A. McCausland, and shows to the court that at the October term of the Elk county district

The State v. McBee.

court, 1899, the defendant above named was by the
court sentenced to the jail of Elk county and to pay
a fine of $100 and the costs of prosecution, and that
he enter into a bond in the sum of $500 for the term
of two years that he will be of good behavior, especially
with reference to the prohibitory liquor law, and that
he stand committed to the jail of Elk county, Kansas,
till such bond be given ; and whereas, the clerk in
entering judgment in said case erroneously omitted
from the minute docket the following language : 'that
the defendant be committed to the jail of Elk county
until such bond be given,' said county attorney now
moves the court for permission to correct the journal
entry of judgment heretofore filed and recorded in this
case, and moves that the defendant now be required to
enter into the bond in accordance with the order and
judgment of the court at the October term, 1899.''

Upon the hearing of this motion, the journal entry
of judgment was corrected and the defendant ordered
committed to jail until such bond be given. From
this order the defendant, McBee, appeals.

This record is perplexing. It is alleged in the mo-
tion, ''The clerk in entering judgment in said case
erroneously omitted from the minute docket the fol-
lowing language : 'That the defendant be committed
to the county jail of Elk county until such bond be
given.''' In the book denominated the minute docket
by the clerk on the witness-stand, the following is re-
corded :

''October 3, 1899.   Plea of guilty on one count.
''October 3, 1899.   Sentenced to county jail of Elk
county, Kansas, for a period of thirty days ; pay a fine
of $100 and costs ; committed until fine and costs are
paid ; give bond for $500 to keep the peace, and par-
ticularly not violate the provisions of the prohibitory
law of Kansas, and stand committed until such bond
be given.''

It appears from the evidence that the words ''to

keep the peace, and particularly not to violate the provisions of the prohibitory law of Kansas, and stand committed until such bond be given,'' were added at the suggestion of the judge on the same day, in the office of the clerk, at about the time or soon after sentence was pronounced.

It is contended that the journal entry was drawn by counsel for defendant, McBee, and not submitted to the county attorney for approval. This is true; but no criticism can attach to counsel for defendant. It was the duty of the prosecuting attorney, under the rules of the court, to prepare the journal entry. It appears that the defendant was held by the sheriff for several days without a commitment; that no journal entry was drawn until the sheriff demanded that some authority be given him to hold the defendant. The journal entry was drawn by counsel for defendant at the request of the county attorney from the minutes of the court as they appear in the docket, and in exact conformity therewith, filed with the clerk, and a certified copy delivered to the sheriff.

That this defendant was ordered to give bond and that he has failed to comply with the order of the court fully appear from the record. He should be punished, but the uncertainty of the record in this case is such that we cannot approve the judgment of the court in correcting the journal entry and ordering the defendant committed after the judgment as written in the record had been fully satisfied. All doubts must be resolved in favor of the defendant.

The judgment of the district court is reversed and the defendant discharged.