## WALDEN v. HUDSPETH, Warden.
### No. 2164.

Circuit Court of Appeals, Tenth Circuit.
Nov. 12, 1940.

Earle F. Wingren, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Spencer Walden, seeks release from the Federal Penitentiary at

Leavenworth, Kansas, where he is now confined, by writ of habeas corpus. He appeals from a decision denying his application for the writ.

Petitioner pleaded guilty to three separate indictments in Cases No. 53,424, No. 53,476 and No. 53,477, in the Supreme Court of the District of Columbia, each charging robbery. He was duly sentenced and committed to the Federal Penitentiary at Leavenworth, Kansas, where he is now incarcerated.

The judgment of the court was pronounced August 23, 1933, and is as follows: "* * * and thereupon it is considered by the Court that for his said offenses the said defendant be taken by the Superintendent aforesaid, to the Asylum and Jail aforesaid, whence he came, thence to the Penitentiary as designated by the Attorney General of the United States, there to be imprisoned for the period of Five (5) years in indictment No. 53476, to take effect from and including this date; for the period of Five (5) years in indictment No. 53477, to take effect from and including the date of expiration of sentence in indictment No. 53476; and for the period of Three (3) to Five (5) years in indictment No. 53424, to take effect from and including the date of expiration of sentence in indictment No. 53477."

Petitioner alleges in his application for the writ that he has served the sentence imposed by the court and is now being unlawfully restrained of his liberty; that the original order of commitment as issued by the court in Cases 53476, 53477 and 53424 is now void and that the Warden is without authority at law to further restrain him of his liberty.

The petition further alleges that the court, in imposing sentences in Cases 53476 and 53477, provided for a sentence of five years in each case and further provided that the sentences were to take effect from and including the date on which they were rendered, and to run consecutively; that petitioner is unable to reconcile the conflicting and ambiguous clauses in the sentence, that is, the portion of the sentence which says "to take effect from and including the same day" and "to run consecutively." Petitioner reasons that by virtue of this conflict, the sentences as a matter of fact run concurrently; that he has served the maximum sentence and is entitled to release.

The difficulty with petitioner's position is that he confuses the commitments with the judgment of the court. Apparently two commitments were issued. The commitment in Case No. 53424 provides that petitioner shall be imprisoned for a period of three to five years, to take effect from and including the date of expiration of sentence in Indictment No. 53477. The commitment in Cases 53476 and 53477 provides that he be imprisoned for the period of five years in each case, to take effect from and including this date, and to run consecutively.

As revealed by the abstract, there is apparent ambiguity and conflict in the commitments, but petitioner's cause is not aided thereby. Neither the commitment nor the clerk's entry of the judgment is the judgment. The judgment is the pronouncement by the court from the bench. The function of the commitment is to make effective the judgment of the court. The real authority for the execution of the judgment is the sentence. Watkins v. Merry, 10 Cir., 106 F.2d 360. If there is ambiguity in the commitment or conflict therein with the judgment, the latter may be resorted to in a habeas corpus proceeding to ascertain whether petitioner is unlawfully detained. The judgment here is free from ambiguity. It expressly provides that petitioner shall serve a term of five years in Case 53476, to take effect from the date of the judgment; that he shall serve a term of five years in Case 53477, to take effect on the date of the expiration of the sentence in Case 53476, and that he shall serve a term of from three to five years in Case 53424, to begin on the date of the expiration of the sentence in Case 53477. The court had power to impose consecutive sentences. Petitioner has not served the time provided for in these sentences and it follows that he is not entitled to the issuance of the writ.

The judgment is affirmed.