**MONTGOMERY et al. v. UNITED STATES.**

No. 12427.

Circuit Court of Appeals, Eighth Circuit.

March 24, 1943.

Ralph M. Russell, of Kansas City, Mo., for appellants.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U.S. Atty. of Kansas City, Mo. on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The question to be decided is whether the court below could, by ex parte orders, amend its records of sentences of imprisonment, aggregating ten years, imposed upon the appellants on January 15, 1940, under four separate indictments pending in that court, to which they had entered pleas of guilty. The effect of the amendments was to make it appear that the sentences were to be served after the appellants had completed serving three prior sentences, each for a term of imprisonment of five years, to be served consecutively, which had been imposed on June 27, 1939, by the United States District Court for the Northern District of West Virginia. For convenience, the sentences imposed by the court below will be referred to as the Missouri sentences, and the prior sentences will be called the West Virginia sentences.

At the time the Missouri sentences were imposed, the appellants were serving the first one of the West Virginia sentences. The records of the court below recited, in effect, that the Missouri sentences were to be served consecutively to the imprisonment "now being served" under "sentence" from West Virginia.

On February 12, 1942, the appellants filed a motion in the court below, alleging that the sentences imposed by it on January 15, 1940, were to run concurrently with the last two West Virginia sentences, and asking the court to correct its records to show that to be the fact. The Government, on July 14, 1942, filed motions asserting, in effect, that the sentences actually imposed

on January 15, 1940, provided that they were to be served consecutively to the three West Virginia sentences, and asking that the court records be corrected accordingly. If the assertions of the appellants were correct, the time they were required to serve under all sentences was fifteen years. If the assertions of the Government were correct, the time of imprisonment was twenty-five years.

The judge of the court below who had imposed the Missouri sentences considered the motion of the appellants and the motions of the Government, and on July 14, 1942, without requiring the appellants to be brought before him, and without a hearing, entered orders amending the court records and commitments to show that the Missouri sentences were to be served after the appellants had served all three of the West Virginia sentences. This appeal challenges the validity of these orders.

 The court below could correct its records to show the truth. Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283; Bryant v. United States, 8 Cir., 214 F. 51, 53-54; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, 230; Foster v. Zerbst, 10 Cir., 92 F.2d 950; Buie v. United States, 5 Cir., 127 F.2d 367. The court could not, in the absence of the appellants, without a hearing, and without evidence, make the orders complained of. The motion of the appellants and the counter-motions of the Government squarely raised the issue whether the sentences actually imposed by the court below on January 15, 1940, were stated to be consecutive to the three West Virginia sentences, as asserted by the Government, or were to run concurrently with the last two of the West Virginia sentences, as alleged by the appellants. A proper determination of that issue required the presence of the appellants, a trial before a judge who was not a material witness, the production of evidence, and the making of findings of fact, conclusions of law, and a decree. See Downey v. United States, supra, at pages 230-234 of 91 F.2d. This is not a case in which the District Court was asked to correct some trivial, formal, or obvious error in its records, or only to rule upon a question of law. The records of the Missouri sentences presumptively reflected the sentences which were actually imposed. Hill v. United States ex rel. Wampler, supra, at page 464 of 298 U.S. These records, which had been approved as

to form by an Assistant United States Attorney and signed by the judge who imposed the sentences, tended to support the appellants' assertions as to what the sentences were. The burden of proving by competent evidence that under the sentences in fact imposed by the court below on January 15, 1940, the terms of imprisonment were not to commence until after all three of the West Virginia sentences had been served, was upon the Government.

The question presented by this appeal was exhaustively considered by the Court of Appeals of the District of Columbia in Downey v. United States, supra. That case and the case of Buie v. United States, supra, indicate the proper procedure to be followed in cases such as this.

The orders appealed from are vacated, and the case is remanded for further proceedings not inconsistent with this opinion.