**Frank KENNEDY, Appellant,**

v.

**Curtis REID, Superintendent, District of Columbia Jail, Appellee.**

**No. 13859.**

United States Court of Appeals District of Columbia Circuit.

Argued June 25, 1957.

Decided Oct. 8, 1957.

a count of larceny in each indictment being thereafter dismissed. On June 18, 1954, Judge Curran imposed a sentence of imprisonment of from one to three years in No. 438–54. He imposed a sentence of imprisonment of one to three years in No. 439–54, the term of which was to run consecutively to the sentence in No. 438–54. Likewise, he imposed a sentence of one to three years in No. 440–54 to run consecutively to the sentence imposed in 439–54. The official transcript of the proceedings at the time of sentence discloses that the sentences were pronounced to run consecutively. The judge's notes on the probation report reflect one to three years in each case, sentences to run consecutively. The clerk's original notes on the face of the Criminal Court jacket read one to three years consecutively. The docket entries of the Court stated that on June 18, 1954, the petitioner was sentenced to a term of imprisonment of from one to three years in each case, sentences to run consecutively in Criminal Cases Nos. 439–54 and 440–54. The commitment papers, however, erroneously used the word "concurrently," in the last mentioned cases. Petitioner was released after completion of the sentence imposed on the first indictment, but because of the clerk's error in the preparation of the commitment, failed to serve the sentence pronounced upon each of the other indictments. When the mistake was discovered, the District Court, apparently in the absence of the petitioner, entered orders for correction of the judgment and commitment and issued a bench warrant leading to the arrest of the petitioner. Assigned counsel challenged the court's action, asserting the court lacked jurisdiction to correct the error. Relief having been denied, this appeal followed.

Had nothing else occurred we would have a different problem, but at the habeas corpus hearing the facts were fully developed. The petitioner offered as exhibits his "commitment papers" showing, as the judge observed, "The original says 'concurrent.' There is no question about that." On cross exam-

Mr. Samuel F. Ianni, Washington, D. C. (appointed by the District Court), for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Nathan J. Paulson, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The District Court denied a petition for a writ of habeas corpus. On May 25, 1954, petitioner pleaded guilty to a count of housebreaking in each of three cases, Nos. 438–54, 439–54, and 440–54,

ination the Government caused petitioner to read into the record a portion of the official reporter's transcript of the proceedings at the time of the original sentence, viz.:

"The Deputy Clerk: Case of Lonnie Cameron and Frank Kennedy.

\* \* \* \* \* \*

"The Court: Kennedy, do you want to say anything before the Court imposes sentence?

"Mr. McGean: Your Honor, may I say something?

"The Court: Yes.

\* \* \* \* \* \*

"The Court: Do you like the pen?

"The Defendant Kennedy: No, sir.

"The Court: What?

"The Defendant Kennedy: No, sir.

"The Court: Well, you have been down there on what? Three different occasions?

"The Defendant Kennedy: Two.

"The Court: Two? You may serve one to three years on each case, the sentence to run consecutively.

"Mr. Caputy: We move to dismiss the remaining counts.

"The Court: Very well."

The judge was asked to take judicial notice of docket entries and other material appearing in the court's records.

"The Court: I will also take judicial notice of my own notes that were made on the probation report which said one to three years in each case, consecutively; the clerk's original notes on the back of the jacket said one to three years consecutively; and the docket entry on the front of the jacket said one to three years, consecutively; and the commitment was written by a typographical error which said concurrently."

Petitioner's former counsel at the time of sentence also testified that petitioner "got the stiffer" of the sentences imposed upon the two defendants, apparently because of petitioner's prior record.

"The Court: You heard the sentence imposed by court, did you not?

"The Witness: I was in the court on the date the sentence was imposed.

"The Court: What was it?

"The Witness: I am not exact as to the words used by Your Honor, but I do recall that Mr. Kennedy, my client, got the stiffer of two sentences.

"The Court: So it would have to be consecutive to get the stiffer.

"The Witness: I know it was one to three.

"The Court: And the co-defendant got two to six. So if he got the stiffer sentence the one to three would have to run consecutively.

"The Witness: That is my impression."

Following the habeas corpus hearing the District Judge made findings of fact as follows:

"5. That on June 18, 1954, petitioner appeared before this Court for sentencing. This Court in Criminal No. 438–54, sentenced him to a term of imprisonment of from one to three years. In Criminal Case No. 439–54, this Court sentenced him to a term of imprisonment of from one to three years, said term to run consecutively to the sentence imposed in Criminal Case No. 438–54; and in Criminal Case No. 440–54, this Court sentenced him to a term of imprisonment of from one to three years, to run consecutively to the sentence imposed in Criminal Case No. 439–54.

"6. That the Court Reporter's official transcript of the proceedings disclose that the petitioner was sentenced to consecutive terms of imprisonment.

"7. That the entries made on the face of the criminal court jacket, which reflect the notes taken by the

court clerk at the time the sentence was imposed, set forth that the petitioner was sentenced in each case as heretofore set forth.

"8. That the docket entries of this court state that on June 18, 1954, the petitioner was sentenced to a term of imprisonment of from one to three years in each case, sentences to run consecutively in Criminal Case Nos. 439–54 and 440–54.

\* \* \* \* \* \*

"10. That the petitioner's former counsel who had appeared on the day of sentence, testified that his recollection was that his client, the petitioner, received a sentence in excess of that of his co-defendant, who had received a sentence of two to six years.

"11. That a clerical error was made by a clerk in the office of the Clerk of the Court when transposing the Judge's sentence set forth in the transcript and the docket entries to the commitment papers, in that the aforesaid clerk inadvertently used the word 'concurrently' in criminal case Nos. 439–54 and 440–54, instead of the word 'consecutively'."

■ The pronouncement of sentence constitutes the judgment of the court.[1] The authority for the execution of the court's sentence is that judgment. "The commitment is mere evidence of such authority and if the commitment is not in accord with the judgment, the latter may be resorted to on habeas corpus for the purpose of determining whether the detention of the petitioner is lawful."[2] Thus, the Supreme Court has held that "a warrant of commitment departing in matter of substance from the judgment back of it is void."[3] Mr. Justice Cardozo has pointed out[4] that a mittimus spends its force when the prisoner shall have been delivered; indeed even if it be lost or destroyed, detention may be justified by the underlying judgment. Thus, the courts in habeas corpus proceedings explore the foundations for the mittimus and "pronounce them false or true."[5]

■ Here, the District Court explicitly went back to its own judgment. Overwhelmingly established on the record were the sentences of one to three years on each indictment to run consecutively. There was no lack of "materials"[6] to establish the exact fact. Surely the court is not required "to blind its eyes to clear evidence of its own intention,"[7] as we have recognized in applying the Daugherty case standard.[8] We see here no room for doubt, either as to the intention of the sentencing judge, or as to the fact of his judgment.

■ Of course, the court at a succeeding term has power to sentence where a void sentence had been previously imposed. "To hold otherwise would allow the guilty to escape punishment

1. Pollard v. United States, 1957, 352 U.S. 354, 360, note 4, 77 S.Ct. 481, 1 L.Ed.2d 393; Walden v. Hudspeth, 10 Cir., 1940, 115 F.2d 558; Watkins v. Merry, 10 Cir., 1939, 106 F.2d 360, 361.

2. Watkins v. Merry, supra note 1, at page 361.

3. Hill v. United States ex rel. Wampler, 1936, 298 U.S. 460, 465, 56 S.Ct. 760, 762, 80 L.Ed. 1283.

4. Id., 298 U.S. at pages 466–467, 56 S.Ct. at page 763.

5. Id., 298 U.S. at page 467, 56 S.Ct. at page 763.

6. Downey v. United States, 1937, 67 App. D.C. 192, 199, 91 F.2d 223, 230.

7. Watson v. United States, 1948, 84 U.S. App.D.C. 86, 87, 174 F.2d 253, 254.

8. Holloway v. United States, 1951, 98 U.S. App.D.C. 332, 334, 191 F.2d 504, 506; cf. Neely v. United States, 4 Cir., 1924, 2 F.2d 849, 853, cited with approval in United States v. Daugherty, 1926, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309. "The elimination of every possible doubt cannot be demanded." Id., 269 U.S. at page 363, 46 S.Ct. at page 157. As a practical fact, identical sentences on each of three indictments here involved, following convictions upon pleas of guilty, could have been served in any order without changing the result. Even so, trial courts should be meticulously precise in criminal sentences.

through a legal accident."[9] We are not dealing with an excessive sentence,[10] nor an illegal sentence,[11] nor a later increase in a lawful sentence, service of which had been commenced or completed.[12] There is no question of the time of sentence as distinguished from the actual entry of the written evidence of the judgment of sentence.[13] Rather, the District Judge undertook in his December 20, 1956, orders merely to correct the court's record of what had been the validly and timely pronounced sentence. The prisoner, as the court's findings disclose, had been sentenced to serve three consecutive sentences of one to three years on each indictment, or in courtroom jargon three to nine, hence the "stiffer" of the two sentences pronounced. Petitioner's co-defendant received "two to six," as the quoted colloquy, *supra,* disclosed. There was no "increase" involved nor was the actual sentence changed. The plain fact is that, through error, the petitioner served only the sentence imposed on the first indictment.

Rule 36 [14] provides:

"Clerical mistakes in judgments, orders or other parts of the record * * * arising from oversight or omission may be corrected by the court *at any time* and after such notice, if any, as the court orders." (Emphasis added.)

■ The power to correct the record is not to be doubted, quite apart from the Rule,[15] as this court has previously observed.[16] It follows that here the District Court clearly possessed the authority to cause appropriate correction to be made, for sentencing is not a game.[17]

■■ While the Rule indicates that the court may act after such notice as it deems appropriate, we believe that except as to purely perfunctory aspects, the better practice should command the presence of the prisoner in circumstances such as are shown here. We have said as much before.[18] There may well be situations where factually there are lacking items of evidence essential to the ascertainment of the foundations for the imprisonment. Surely in so im-

**9.** Pollard v. United States, 1957, supra note 1, 352 U.S. at page 361, 77 S.Ct. at page 485; cf. Fed.Rules Crim.Proc. rule 35, 18 U.S.C.A.

**10.** Duggins v. United States, 6 Cir., 1957, 240 F.2d 479, 481.

**11.** Id., at pages 483–484.

**12.** Cf. King v. United States, 1938, 69 App. D.C. 10, 15, 98 F.2d 291, 296.

**13.** Lemke v. United States, 1953, 346 U.S. 325, 326, 74 S.Ct. 1, 98 L.Ed. 3; Richards v. United States, 1951, 89 U.S.App. D.C. 354, 355–356, 192 F.2d 602, 604; cf. United States v. Hark, 1944, 320 U.S. 531, 534, 64 S.Ct. 359, 88 L.Ed. 290; Spriggs v. United States, 9 Cir., 1955, 225 F.2d 865, 868. As to the time factor, see Fed.R.Crim.P. 45(c)

**14.** Fed.R.Crim.P.

**15.** Downey v. United States, supra note 6; United States v. Quinn, 7 Cir., 1950, 182 F.2d 252; Bledsoe v. Johnston, 9 Cir., 1946, 154 F.2d 458, certiorari denied 1945, 328 U.S. 872, 66 S.Ct. 1367, 90 L.Ed. 1642; Foster v. Zerbst, 10 Cir., 1937, 92 F.2d 950; Peck v. United States, 7 Cir.,

1933, 65 F.2d 59, certiorari denied 1933, 290 U.S. 701, 54 S.Ct. 229, 78 L.Ed. 603; Biddle v. Shirley, 8 Cir., 1926, 16 F.2d 566; Watkins v. Merry, supra note 2.

**16.** Rowley v. Welch, 1940, 72 App.D.C. 351, 114 F.2d 499; Downey v. United States, supra note 6; and see Buie v. King, 8 Cir., 1943, 137 F.2d 495; Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716; and Annotation in 126 A.L.R. 956, 967, 990 and 993.

**17.** Cf. Bozza v. United States, 1947, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818.

**18.** Downey v. United States, supra note 6, 67 App.D.C. at page 196, 91 F.2d at page 227; Montgomery v. United States, 8 Cir., 1943, 134 F.2d 1, 2. Cf. In re Bradley, 1943, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500, where the Court disregarded the Government's suggestion that the defendant must be present when an amended sentence is passed, according to the dissent by Mr. Justice Stone at page 53 of 318 U.S., at page 471 of 63 S.Ct. Cf. Fed.R.Crim.P. 43, and Pollard v. United States, supra note 9; Lewis v. United States, 1892, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011.

portant a matter as restraint of a man's liberty, he should be permitted to attend, to be heard and to show cause, if proper cause there be, why further imprisonment is not to follow. Thus the correcting orders of December 20, 1956, should not have been entered in the absence of the petitioner.[19]

It does not follow that reversal is required in the light of the facts. "The District Court has power in a habeas corpus proceeding to 'dispose of the matter as law and justice require.' 28 U.S. C. § 2243."[20] Fed.R.Crim.P. 2 provides that "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."[21] We see no point in reversing only to require that the Government take fresh steps to correct the record[22] when that record has already been fully made in the presence of the petitioner and of his counsel although in the habeas corpus proceedings. Rather, in the circumstances here, it would seem that the irregularity is to be governed by Fed.R.Crim.P. 52(a) for no substantial rights of the prisoner have been affected.[23] Giving effect to Rule 2, we are satisfied that a just determination has been achieved, and we are bound to affirm the order.

Affirmed.

FAHY, Circuit Judge (dissenting).

Appellant pled guilty to three separate indictments for housebreaking. In open court the sentences were imposed as follows:

"You may serve one to three years on each case, the sentences to run consecutively."

The consecutive order of the sentences was not stated.[1] Moreover, the three cases were not referred to separately; the sentencing was lumped as stated above.

The Judgments and Commitments signed by the Judge in compliance with Rule 32(b), Fed.R.Crim.P., provided that the sentences should run concurrently. This rule reads as follows:

"(b) Judgment. A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. * * * The judgment shall be signed by the judge and entered by the clerk."

Form 25 accompanying the Rules spells out a method of complying with Rule

---

19. Downey v. United States, supra note 6; Montgomery v. United States, supra note 18; cf. Biddle v. Shirley, supra note 15.

20. Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 210, 71 S.Ct. 262, 264, 95 L.Ed. 215; cf. Hill v. United States ex rel. Wampler, supra note 3, 298 U.S. at pages 463, 465, 56 S.Ct. at pages 761, 762; Miller v. Aderhold, 1933, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702.

21. "I regard Rule 2 as the most important rule of the whole set. It sets forth that these Rules are intended to provide for a just determination of every criminal proceeding. * * * The rule in a sense corresponds with the last sentence of Rule 1 of the Federal Rules of Civil Procedure [28 U.S.C.A.], which provides that they shall be construed to secure a just, speedy and inexpensive determination of every civil action. Our Rule 2 spells out the intent in somewhat greater detail because of the greater necessity of overcoming some ancient notions of criminal proceedings as a game." Chairman Arthur T. Vanderbilt, February 15, 1946, speaking at New York University School of Law Institute Proceedings, Vol. VI, 120. Cf. United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92.

22. Cf. In re Bonner, 1894, 151 U.S. 242, 260, 262, 14 S.Ct. 323, 38 L.Ed. 149; Biddle v. Shirley, supra note 15.

23. Cf. Lemke v. United States, supra note 13.

1. The cases were numbered 438–54, 439–54, 440–54. The jacket entry on 439–54 has a notation, "consec. with 438–54," and the jacket of 440–54 has a notation "conseq. with 439–54," but the informal notes, presumably of the clerk or his representative, appearing on the back cover of the jackets in Nos. 439–54 and 440–54, read simply "1 to 3 consec.," without stating the order of consecutiveness.

32(b) and reads as set forth in the margin.[2]  This form was used in these cases, so that the sentences appear in the Judgments and Commitments as follows:

In No. 438–54:

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of [4]

"One (1) to Three (3) years."

In No. 439–54:

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative *for imprisonment for a period of* [4]

"One (1) year to three (3) years said sentence to run *concurrently* with the sentence imposed in Criminal Case No. 438–54." (Italics supplied.)

In No. 440–54:

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of [4]

"One (1) year to Three (3) *years* said sentence to run *concurrently* with the sentence imposed in Criminal Case No. 439–54." (Italics supplied.)

The opinion of the court refers to the Judgments and Commitments as the "commitment papers." I think they are not merely so. They are also judgments which under Rule 32(b) "set forth the * * * sentence."

After fully serving the period of concurrent terms Kennedy was at liberty on December 19, 1956. He could not be deprived of this liberty without due process of law. U.S.Const. Amend. V. He was arrested January 4, 1957, on a bench warrant and reimprisoned after the Judgments and Commitments in Nos. 439–54 and 440–54 had been changed by the sentencing Judge on December 20, 1956, to describe the sentences as consecutive. These changes were made without notice to Kennedy or opportunity to him to be heard. From this it follows that he was deprived of his liberty without due process of law. Montgomery v. United States, 8 Cir., 134 F. 2d 1. And see Pollard v. United States, 352 U.S. 354, 360, 77 S.Ct. 481, 1 L.Ed. 2d 393, and Downey v. United States, 67 App.D.C. 192, 196, 91 F.2d 223, 227, where it is said:

2. Form 25, Fed.Rules Crim.Proc. Appendix of Forms, 18 U.S.C.A.:

"Judgment and Commitment

"On this ......day of ............, 19..., came the attorney for the government and the defendant appeared in person and [1] ........................
............................

"*It is Adjudged* that the defendant has been convicted upon his plea of [2] ...........of the offense of.......... as charged [3] ..............; and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"*It is Adjudged* that the defendant is guilty as charged and convicted.

"*It is Adjudged* that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of [4] ................................
...........................

1. "Insert 'by counsel' or 'without counsel; the court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the court, and the defendant thereupon stated that he waived the right to the assistance of counsel.'

2. "Insert (1) 'guilty,' (2) 'not guilty, and a verdict of guilty,' (3) 'not guilty, and a finding of guilty,' or (4) 'nolo contendere,' as the case may be.

3. "Insert 'in count(s) number    ....' if required.

4. "Enter (1) sentence or sentences, specifying counts if any; (2) whether sentences are to run concurrently or consecutively and, if consecutively, when each term is to begin with reference to termination of preceding term or to any other outstanding or unserved sentence; (3) whether defendant is to be further imprisoned until payment of fine or fine and costs, or until he is otherwise discharged as provided by law."

"Proceedings in the absence of the appellant to correct the record would have been improper, since the ultimate question involved, the extent of valid imprisonment to which he might be subjected, was one of vital interest to him."

Accordingly, he should be released from detention unless and until he is validly deprived of his liberty.

To apply Rule 36, Fed.R.Crim.P.,[3] relied upon by the United States, so as to authorize these *ex parte* "correction" proceedings and consequent deprivation of liberty without notice and an opportunity to be heard would be plainly unconstitutional.

The court's opinion states that appellant was released after completion of the sentence imposed on the first indictment, but, because of the clerk's error in the preparation of the commitment, failed to serve the sentence pronounced upon each of the other indictments. I think this is an oversimplification and somewhat begs the question. In United States v. Patterson, C.C., 29 F. 775, Mr. Justice Bradley of the Supreme Court, sitting in Circuit, considered a case in some respects similar. The accused had pled guilty to three indictments for three separate offenses, as had the present appellant. He was sentenced "for the term of five (5) years upon each of the three indictments * * * said terms not to run concurrently * * *."[4] He served one term of five years, was continued in detention, and sought release through habeas corpus proceedings. Describing the questioned language of the sentences as equivalent to "the said terms shall follow each other successively,"[5] Mr. Justice Bradley nevertheless

held the sentences to be for a total of only five years because the language referred to was "incapable of application to the respective terms, without specifying the order of their succession * * *."[6] The Justice explained:

"[I]f they are successive, which one? That which is first to be executed, or that which is secondly or thirdly to be executed? No intelligence is sufficient to answer the question. A prisoner is entitled to know under what sentence he is imprisoned. The vague words in question furnish no means of knowing. They must be regarded as without effect, and as insufficient to alter the legal rule that each sentence is to commence at once, unless otherwise specially ordered.

\* \* \* \* \* \*

" * * *    [A]s neither of them was made to take effect after the one or the others, they all took effect alike; that is, from the time of the rendering of judgment * * *"

Agreeing that a court has a right "to extend its judgment and proceedings on the record in proper form, regardless of imperfections in the minutes of its clerk," the Justice went on to say that in the case before him,

"there are no materials in existence for altering the form of the judgment under consideration,—at least nothing but what may rest in the bosom of the judge; and for him to resort to his memory at this day to alter the judgment would be to render a new judgment."[7]

United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, involved

---

3. Rule 36, Fed.R.Crim.P.:
    "Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

4. 29 F. at page 776.

5. Id., at page 778.

6. Ibid.

7. Id., at pages 778–779. None of the "materials" available in the present case bear upon the order of consecutiveness which might have been in the mind of the Judge or upon whether or not the Judge read and accepted the content of the formal papers he signed.

sentences on three counts of the same indictment for five years on each count, to be consecutive and not concurrent. The Supreme Court implied the order of consecutiveness, saying:

> "[T]he judgment here questioned was sufficient to impose total imprisonment for 15 years, made up of three 5-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry." [8]

The Court distinguished Patterson on the ground that in Patterson the sentences grew out of "three separate *indictments*," saying, "the question there was materially different from the one here presented, which concerns *counts* in one indictment."[9] [Italics in original.]

It seems to me, therefore, that under Patterson, thus distinguished but not disapproved, the sentences pronounced in open court in the present cases as "consecutive," without more, were satisfied when one of the specified terms had been served. I now assume that the "concurrent" language of the Judgments and Commitments, though these were signed by the Judge, was due to a mistake. Yet the mistaken language, once the Judgments and Commitments had been satisfied by prison confinement in accordance with their terms, was a true reflection of the legal situation.[10] Thereafter the imprisonment could not be in-

creased. The authorities are uniform in holding that a valid sentence once served, or even begun to be served, cannot be augmented. This is so because of the constitutional provision against double jeopardy. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; United States v. Rosenstreich, 2 Cir., 204 F.2d 321; King v. United States, 69 App.D.C. 10, 98 F.2d 291. See, also, Rowley v. Welch, 72 App.D.C. 351, 354, 114 F.2d 499, 502, and Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978. And see Bozza v. United States, 330 U.S. 160, 167, note 2, 67 S.Ct. 645, 91 L.Ed. 818. It seems to me altogether unrealistic to say that appellant's sentence was not augmented but only made to conform on the record to what it was.

If the distinction of Patterson drawn by the Supreme Court in Daugherty is not thought to be altogether persuasive—or if it is thought that Patterson is too technical—there are factors of substance here, not present in Patterson, which do persuade that the result reached in Patterson should be reached here. The formal Judgments and Commitments in the present cases actually read "concurrent" and were so signed by the Judge as required by Rule 32(b). The concurrent terms, which thus prima facie state the sentences,[11] were fully served and appellant was actually at liberty. This was not the situation either in Patterson, in Daugherty, or in any case relied upon by the court in its present opinion, with the possible exception of Watkins v. Merry, 10 Cir., 106 F.2d 360.[12]  I

---

**8.** 269 U.S. at page 363, 46 S.Ct. at page 157.

**9.** Ibid. The Court continued, "This and similar unfortunate causes should admonish the trial courts to require the use of meticulously precise language in all judgment entries. Especial care is essential where sentences for crime are imposed." Id., 269 U.S. at page 364, 46 S.Ct. at page 157.

**10.** But see Selzenvich v. Sigler, 5 Cir., 228 F.2d 615.

**11.** United States v. Hark, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290.

**12.** In Watkins v. Merry the accused had served the 11 months for which he was committed to prison. The commitment papers did not refer to the additional 4 years and 1 month of probationary period, which had not expired.

think the court had lost jurisdiction [13] over appellant's imprisonment. Jurisdiction in the court to correct its records would not in the present circumstances extend to jurisdiction over the liberty of the individual affected by the mistake after he had adjusted his life to accord with the terms of the formal Judgments and Commitments and had been given his freedom.

The opinion of the court is concerned to a large degree with demonstrating the undisputed fact that in imposing sentence in open court the Judge meant the sentences to be consecutive. There is, however, also no doubt that the order of consecutiveness was not stated, and that when the Judge signed the formal papers the sentences were set forth therein as "concurrent." There is an entire omission of anything in the record as to whether the Judge read the papers. If they were read he accepted the change from "consecutive" to "concurrent." If they were not read I think the error cannot be corrected without notice or opportunity to be heard accorded to the one vitally affected by the changes. A Judge, though in the utmost good faith, might not carry in mind for years the details of all he thought or did in the consideration or signing of particular papers. If he read and accepted these as written their content should govern, regardless of what he had previously said in open court. If he did not read the papers the mistake—and mistakes cannot always be avoided—was not one within his discretion to correct under Rule 36—without notice. Indeed, in Downey v. United States, supra, where, as in Patterson, the truth in part lay in his mind it is said that the sentencing judge should not conduct the correction hearing, but be heard as a witness. Be that as it may, a hearing was essential, and is not supplied after *ex parte* changes have been made and the prisoner himself has instituted habeas corpus proceedings to attack those which made his imprisonment illegal.

13. See State v. McBee, 10 Kan.App. 450, 61 P. 1093.