**Paul Albert PATTERSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24345.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

Paul A. Patterson, pro se.

Conrad L. Florence, Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant was convicted by the District Court sitting without a jury of mailing obscene photographs of himself and others in violation of 18 U.S.C.A. § 1461. The written judgment provided that appellant was to serve 5 years, to pay a fine of $1,000.00, and to stand committed if the fine was not paid. The oral pronouncement at the conclusion of the trial did not provide for commitment if the fine was not paid. Appellant filed a motion to correct the sentence under Rule 35 based on the variance between the written judgment setting forth the sentence and the oral pronouncement. The Court erroneously denied the motion. The Government conceded that the written judgment should conform to the oral pronouncement of sentence. Such conformity is salutary and commanded

by Henley v. Heritage, 5 Cir. 1964, 337 F.2d 847, 848, in these words :

"Since we hold that the orally pronounced sentence adequately indicated the sentence sequence, it is of no consequence that the judgment and commitments were ambiguous in this regard. Rule 43, F.R.Crim.P., requires that the defendant be present when sentence is announced by the court, and Rule 32(b) requires that the judgment of conviction shall set forth the sentence. It follows that where there is a discrepancy between the oral pronouncement and the written judgment and commitment, the former must control. See Kennedy v. Reid, 1957, 101 U.S.App.D.C. 400, 249 F.2d 492; Payne v. Madigan, 9 Cir. 1960, 274 F.2d 702, aff'd by an equally divided Court, 1961, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853."

Reversed.