**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12556
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

NATHANIEL BROUGHTON,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00043-TWT-CCB-1

————————————

Before LAGOA, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Nathaniel Broughton appeals his 87-month sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1).  On appeal, Broughton argues that his sentence is procedurally and substantively unreasonable.  After careful review, we affirm.  We also remand for the limited purpose of allowing the district court to correct a clerical error in the judgment.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2022, Broughton was charged, by indictment, with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Broughton pled guilty in July 2023 without a plea agreement.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI") which described Broughton's offense conduct as follows.  On June 15, 2021, an Atlanta, Georgia, Police Department officer heard multiple gunshots coming from a motel.  The officer entered the motel parking lot and observed Broughton holding a silver pistol.  When the officer instructed Broughton to drop the firearm, Broughton threw the gun over a nearby fence and attempted to flee on foot.  The officer hit Broughton with a taser and detained him.  Following his arrest, Broughton stated that another individual, Lavonta Broughton ("Lavonta") had shot at him.  Lavonta was also arrested at the motel.

Security footage video showed Broughton and Lavonta sitting in a vehicle together, Lavonta then quickly exited the vehicle and shot at Broughton before walking away, then Broughton aimed his pistol at Lavonta and fired one shot in return.  Further investigation revealed that Broughton's pistol had traveled in interstate commerce and that he was a convicted felon.

The PSI calculated Broughton's base offense level to be 24, under U.S.S.G. § 2K2.1(a)(2), because Broughton had at least two previous felony convictions for crimes of violence or controlled substance offenses. Under U.S.S.G. § 2K2.1(b)(6)(B), it then added four levels because Broughton used or possessed a firearm in connection with another felony offense—aggravated assault with a deadly weapon. The PSI increased Broughton's offense level to 34 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because the offense of conviction was a violation of § 922(g) and Broughton had at least three prior convictions for violent felonies or serious drug offenses committed on different occasions. The PSI then applied a 3-level total decrease for acceptance of responsibility, U.S.S.G. § 3E1.1(a)-(b), leading to a total offense level of 31.

The PSI then assigned Broughton 23 criminal history points, putting him in criminal history category VI. *See* U.S.S.G., Ch. 5, pt. A. Relevant to this appeal, the PSI assigned Broughton points for the following convictions under Georgia law: (i) three points for 2005 convictions for possession of cocaine and marijuana with the intent to distribute; (ii) three points for a 2009 conviction for aggravated assault; (iii) two points for a 2010 conviction for possession of cocaine with intent to distribute; (iv) one point for 2016 convictions for aggravated assault with a deadly weapon, possession of a firearm by a convicted felon, and possession of a firearm or knife during the commission of a felony; (v) one point for 2015 convictions for possession of cocaine, possession of marijuana, and possession with intent to distribute marijuana and cocaine; and

4                     Opinion of the Court                    24-12556

(vi) two points for a 2019 conviction for aggravated assault. Based on some of these same convictions, the PSI concluded that Broughton was an armed career criminal under the ACCA, 18 U.S.C. § 924(e).

Broughton filed a sentencing memorandum arguing that he did not qualify under the ACCA and that he should not receive a sentence of more than 10 years. He also objected to the application of U.S.S.G. § 2K2.1(b)(6)(B). Under 18 U.S.C. § 3553(a), he asserted that his personal history was mitigating and relevant: he was born to parents suffering from drug addiction who moved their family from one abandoned house to the next without medical care, clean clothing, running water, and electricity. He explained that his difficult upbringing, his mental and intellectual disabilities, and his battles with substance abuse had strained his relationships and led to numerous arrests and convictions. He asked for a 24-month sentence, coupled with psychosocial rehabilitation and psychiatric care.

The government, on the other hand, initially argued that the court should impose an 180-month sentence under the ACCA. It stated that it believed that, because Broughton did not admit to having three prior offenses on different occasions at his plea hearing, the ACCA arguably should not apply. Still, it urged the court to follow impose an enhanced ACCA sentence anyway because this Court's precedent required the ACCA to be imposed automatically.

At sentencing, the court stated that it carefully reviewed the PSI and then it adopted the facts in the PSI, because no objections had been made to them.  The court then turned to the ACCA issue, which the government and Broughton now agreed did not apply.  The court agreed as well, sustaining Broughton's objection to the imposition of the ACCA in light of *Erlinger v. United States*, 602 U.S. 821 (2024), because Broughton had not admitted his prior qualifying offenses had occurred on separate occasions.[1]  However, the court concluded Broughton's base offense level was 24, under U.S.S.G. § 2K2.1(a)(2), because his prior convictions qualified as crimes of violence under the Guidelines.  The court also sustained Broughton's objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

The court then calculated Broughton's offense level using the 2023 Sentencing Guidelines Manual.  Applying a base offense level of 24 and a three-level downward adjustment for acceptance of responsibility, the court found Broughton's total offense level to be 21.  The court then concluded that Broughton had 23 criminal history points, putting him in a criminal history category of VI. The court therefore found Broughton's guideline range to be 77 to

---

[1] In so ruling, the district court implicitly departed from our pre-*Erlinger* precedent—such as *United States v. Cobia*, 41 F.3d 1473 (11th Cir. 1995) and *United States v. Gibson*, 64 F.3d 617 (11th Cir. 1995)—which state that the ACCA's enhanced penalties must be applied automatically, without regard to whether the government seeks them.  However, the government does not appeal that decision nor argue that these cases remain good law.  We therefore need not and do not address those questions here.

96 months' imprisonment.  The parties did not object any further to these calculations.  Broughton then argued that a downward variance was appropriate.  He went over each § 3553(a) factor, particularly highlighting his unique history and characteristics, including his difficult upbringing, intellectual deficits, schizophrenia and bipolar disorder diagnoses, and physical challenges.  He argued that, in light of these unique circumstances, a sentence of 60 months was appropriate.

The government requested a sentence in the middle of the Guidelines range.  It highlighted the nature of Broughton's offense, noting that he had multiple felony convictions—including at least one for being a felon in possession of a firearm—and the fact that, while there was limited information about what happened, Broughton's firearm was discharged in this case.  The government acknowledged Broughton's background and history; his illiteracy, difficult upbringing; and poor decision-making skills; but it noted that "those difficult deficits are going to be remaining in the future" as well.  It also highlighted that Broughton was 47 years old, his criminal history was significant, there was a need to protect the public, and a sentence of 87 months was reasonable.  Broughton gave an allocution, apologizing for his actions and asking for a light sentence so he could be home with his family.

The court adopted the government's recommendation and imposed a sentence of 87 months' imprisonment.  The court stated that a mid-range guideline sentence appropriately balanced the § 3553(a) factors, specifically, the nature and circumstances of

Broughton's offense, his history and characteristics, and the need for the sentence to reflect the seriousness of the offense, afford deterrence, promote respect for the law, protect the public, and prevent unwarranted sentencing disparities. The court expressed its sympathy for the conditions under which Broughton was brought up, but concluded that "his extensive criminal record show[ed] that the only way to prevent him from committing additional crimes against the public is to put him in custody, and that, in [the court's] opinion, is the overwhelming reason for the sentence to be imposed in this case."[2] Broughton reiterated his objection to the calculation of the base offense level and argued that his sentence was not substantively reasonable under the circumstances. The court overruled those objections. Broughton appealed.

## II. STANDARDS OF REVIEW

We follow a "two-step process" when reviewing a sentence. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). First, we review the sentence for procedural reasonableness, determining "whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range . . . , failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 936. In this step, we review *de novo* the proper interpretation and application of the Sentencing Guidelines.

---

[2] The district court clarified that Broughton was receiving credit for time served while in state custody, such that he would only be serving 52 more months.

*United States v. Pulido*, 133 F.4th 1256, 1279 n.20 (11th Cir. 2025). In this step, we review *de novo* "whether an offense is a 'crime of violence,'" *United States v. Hicks*, 100 F.4th 1295, 1297 (11th Cir. 2024), or a "controlled substance offense" under the Sentencing Guidelines, *United States v. Bishop*, 940 F.3d 1242, 1253 (11th Cir. 2019). We are bound to follow our own prior binding precedent until it is overruled by the Supreme Court or this Court sitting *en banc*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

In our second step of our two-step process, we determine "whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 935–36. "We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). "In reviewing the [substantive] reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (Opinion of E. Carnes, J.)). A party arguing a sentence is unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a

clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (same).

## III. DISCUSSION

### A. Procedural Reasonableness

Broughton makes two procedural arguments. First, he argues that Georgia aggravated assault is broader than federal generic aggravated assault, and it is therefore not a crime of violence under the Guidelines. As part of this argument, he asserts that we have never addressed the *mens rea* necessary to commit Georgia aggravated assault and compared it with generic aggravated assault. Second, he contends that "controlled substance" under the Guidelines means a substance listed on the federal schedules under the Controlled Substances Act, not merely substances prohibited by state law—therefore his controlled substance offenses do not qualify.

Under our precedent, the district court did not err in concluding that Broughton's prior convictions for aggravated assault under Georgia law qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a)(2), as the term is used in § 2K2.1(a)(2). *Hicks*, 100 F.4th at 1297. In *United States v. Morales-Alonso*, we held that "the elements of aggravated assault [under Georgia law] are substantially the same as the elements of generic aggravated assault," meaning that the defendant's aggravated assault conviction satisfied the Guidelines' definition of a "crime[] of violence." 878 F.3d 1311, 1316–20 (11th Cir. 2018). While we did not explicitly address *mens rea* in *Morales-Alonso*, we later did so in *Hicks*. There, a defendant

argued that his two prior Georgia convictions for aggravated assault with a deadly weapon did not qualify as "crimes of violence" under §§ 2K2.1(a)(2) & 4B1.2(a)(2) because the *mens rea* requirement of that crime under Georgia law rendered it categorically broader than the generic federal offense, as the term is used in the Guidelines. 100 F.4th at 1298–99. We rejected that argument and affirmed, holding that *Morales-Alonso* foreclosed the argument. *Id.* at 1299–1301.

Similar to the defendant in *Hicks*, Broughton is arguing that his prior convictions do not qualify as "crimes of violence" under the Guidelines because of the Georgia statute's *mens rea* element. *Id.* at 1299. In light of *Hicks*, the district court was bound to conclude that the Georgia crime of aggravated assault is a "crime of violence." *See id.* at 1299–1301; *White*, 837 F.3d at 1228. Therefore, we affirm on this issue.

Given that Broughton had prior aggravated assault convictions under Georgia law that qualify as "crimes of violence" under § 2K2.1(a)(2), the district court correctly ruled that his base offense level was 24. This was the correct base offense level notwithstanding whether Broughton's prior drug offenses qualified as a "controlled substance offense." *See* U.S.S.G. § 2K2.1(a)(2). We therefore need not and do not address Broughton's second procedural argument, since it would not affect his Guidelines calculations. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that, generally, "courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach").

### B. Substantive Reasonableness

Broughton next argues his sentence is substantively unreasonable. He contends that the district court did not address why a mid-Guidelines sentence was appropriate, "instead of a low end sentence." He also notes that his health conditions, mental illness, and intellectual limitations were all important aspects of his "history and characteristics" which warranted greater weight.

Under § 3553(a), a district court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). In addition, a sentencing court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.*

While a district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach greater weight to one factor over the others. *Butler*, 39 F.4th at 1355; *see United States v. Olson*, 127 F.4th 1266, 1276 (11th Cir. 2025) ("A district court does not have to give all the factors equal weight . . . ."). A court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*,

487 F.3d 823, 833 (11th Cir. 2007).  Instead, a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is typically sufficient to show it has considered the issues and arguments before it.  *Butler*, 39 F.4th at 1355 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)).  We "ordinarily expect a sentence within the Guidelines range to be reasonable." *Gonzalez*, 550 F.3d at 1324; *see also United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021).  Another indicator of a reasonable sentence is a sentence that is well below the statutory maximum for the crime.  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014); *Gonzalez*, 550 F.3d at 1324 (same).

Broughton has not borne his burden to show his sentence is substantively unreasonable or that the district court abused its significant discretion.  *See Gonzalez*, 550 F.3d at 1324.  As a threshold matter, Broughton's sentence was within his Guidelines range— which, as we have explained, was correctly calculated—and well below the statutory maximum of 10 years, which indicates reasonableness.  *Dougherty*, 754 F.3d at 1364; *Gonzalez*, 550 F.3d at 1324; *Castaneda*, 997 F.3d at 1332.  Indeed, Broughton's sentence is *far* shorter than any sentence which might have applied if he were subject to the ACCA, which, for similar reasons, suggests the district court did not abuse its discretion and impose a "greater than necessary" sentence.  18 U.S.C. § 3553(a)(1); *see also id*. § 924(e)(1).

While Broughton argues that the district court failed to adequately consider his relevant mitigating evidence, the district court discussed that evidence at the sentencing hearing and gave it

weight. *See Amedeo*, 487 F.3d at 833; *Butler*, 39 F.4th at 1355. To the extent that Broughton argues that the district court should have given this mitigating evidence more weight, the district court had broad discretion to weigh relevant factors. *Butler*, 39 F.4th at 1355; *Olson*, 127 F.4th at 1276. Further, the district court reasonably found aggravating factors, including Broughton's extensive criminal history and the need to protect the public, and emphasized them in reaching its sentence. *See* 18 U.S.C. § 3553(a)(2).

At bottom, the district court noted significant aggravating factors and significant mitigating factors. The court did not abuse its discretion and impose a sentence outside "the ballpark of permissible outcomes" by weighing these competing factors and selecting a sentence in the middle of the Guidelines. *Butler*, 39 F.4th at 1355 (quoting *Rosales-Bruno*, 789 F.3d at 1257). Accordingly, we affirm on this issue as well.

### C. Clerical Error in the Judgment

Even where not raised by the parties, we may raise and correct clerical errors in district court judgments and remand with instructions to correct them. *See, e.g.*, *United States v. James*, 642 F.3d 1333, 1343–44 (11th Cir. 2011); *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). Here, the district court's judgment cites 18 U.S.C. § 924(e), which is the sentencing provision of the ACCA.[3]

---

[3] *See* 18 U.S.C. § 924(e)(1) (providing penalties for defendants "who violate[] section 922(g) of this title *and ha[ve] three previous convictions . . . committed on occasions different from one another . . . .*" (emphasis added)); *Erlinger*, 602 U.S. at

Yet, as summarized above, both Broughton and the government agreed that Broughton was not subject to the ACCA at sentencing, and the district court's ruling was  consistent with that mutual understanding.   When there is a discrepancy between the written judgment and a district court's oral pronouncement of a sentence, the oral pronouncement controls.   *See United States v. Khoury*, 901 F.2d 975, 978 (11th Cir. 1990); *Patterson v. United States*, 386 F.2d 142, 142–43 (5th Cir. 1967)[4]; *see also, e.g.*, *United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987) (*en banc*) ("The written judgment and commitment order is not the sentence.").   Under these circumstances—where the court ruled that § 924(e) was not applicable—the citation to § 924(e) in the judgment represents a clerical error, not part of Broughton's sentence.  *Khoury*, 901 F.2d at 978; *Patterson*, 386 F.2d at 142–43.  Therefore, we remand solely for the district court to correct this error.

---

834 ("To trigger ACCA and expose him to longer prison terms, the government had to prove that [the defendant's] past included three convictions for 'violent felon[ies]' or 'serious drug offense[s]' that were 'committed on occasions different from one another.'" (second and third alterations in original) (quoting 18 U.S.C. § 924(e)(1))).

[4] All former Fifth Circuit decisions issued before the close of business on September 30, 1981, are binding preceding in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

### IV. CONCLUSION

For the reasons explained, we find no reversible error, so we affirm Broughton's sentence.  We remand so that the district court can fix a clerical error in the judgment.

**AFFIRMED AND REMANDED.**