[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11871

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL LYNNE KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00228-WWB-LHP-1

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Michael Lynne King appeals his sentence imposed after the revocation of his supervised release. On appeal, he primarily argues that his revocation sentence is substantively unreasonable. After careful consideration, we affirm King's sentence. We agree with both King and the government, however, that the district court's written judgment contains an error. We, therefore, remand so the district court can correct the judgment.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2019, a grand jury returned an 11-count indictment, charging King with one count of conspiring to distribute and possess with intent to distribute heroin, methamphetamine, tramadol, and 40 grams or more of fentanyl, 21 U.S.C. §§ 841(b)(1)(B), (b)(1)(C) and 846 ("Count One"), as well as ten other drug distribution and possession crimes ("Counts Two through Eleven"). King later agreed to plead guilty to Count One pursuant to a written plea agreement. Under the agreement, Counts Two through Eleven would be dismissed. After adjudicating King guilty of Count One, the district court sentenced him to 42 months' imprisonment, to be followed by four years of supervised release.

In its judgment, the district court ordered King to comply with certain conditions while on supervised release. As relevant here, King was required to participate in an outpatient or inpatient substance abuse treatment program and to submit to random drug testing. King did not appeal his initial sentence. King completed

his custodial sentence and began his term of supervised release in March 2022.

In October 2022, a probation officer filed a report alleging that King had tested positive for amphetamines. The district court ordered King arrested. After King's arrest, a probation officer prepared a superseding petition explaining that King had taken a drug test on August 26, 2022, and tested positive for methamphetamine. The probation officer also reported that King explained that he went to a party and became intoxicated and did not remember if he used drugs. King also stated that his doctor informed him that his blood pressure medication would cause him to have a positive drug screen for the use of amphetamines. The probation officer reported that this was not true. The probation officer recommended that King be released and instructed to enroll in substance abuse treatment. The district court held a hearing on this violation and, after King admitted the violation, adjudicated him guilty and reinstated his supervision with the same conditions.

In January 2024, a probation officer again reported that King had violated the conditions of his supervision by testing positive for cocaine. King admitted his guilt to the violation and expressed remorse. Consistent with a recommendation from the probation officer, the district court did not issue a warrant and King remained on supervised release. The district court ordered, however, the probation officer to prepare a warrant if King failed a drug test again.

In March 2024, the probation officer reported a third violation of supervised release and sought an arrest warrant. The probation officer alleged that, in a February 2024 drug test, King had tested positive for cocaine and had subsequently admitted to the violation. King explained that he had recently met a woman and that they had been using cocaine together. King stated that he would continue to participate in outpatient substance abuse treatment. Based on this violation, the probation officer calculated King to have a guidelines imprisonment range of 4 to 10 months, to be followed by 2 to 5 years of supervised release.[1] The probation officer recommended the district court impose a four-month term of incarceration with no term of supervised release to follow.

Before the supervised release revocation hearing, King argued for leniency. In mitigation, King explained that he had been honest about his violations and had tested positive for cocaine around two weeks after his girlfriend's death. He also explained that he had been suffering health complications, including as a result of an automobile accident in early 2023, and he argued that incarceration would negatively affect his health and compromise his ability to receive prompt medical attention. Accordingly, he sought a non-custodial sentence.

At a revocation hearing, the parties informed the district court that they had reached an agreement in which King would

---

[1] The Probation Office's recommendation was clear that the maximum term of supervised release the district court could impose was "5 years minus any term of imprisonment imposed."

admit to the first violation of supervised release—the January 2024 failed drug test—and the government would move to dismiss the second violation—the February 2024 failed drug test. Consistent with that agreement, King admitted to the January 2024 violation, the government explained the factual basis for that violation, and the court adjudicated him guilty of that violation. King then reiterated his arguments for a non-custodial sentence and proposed in-patient substance abuse treatment as a condition of that sentence.[2] He contended that a non-custodial sentence would allow him to best get care for his substance abuse struggles and his medical issues. The government, in turn, argued that the district court should sentence King to four months' imprisonment.

The district court expressed concern that a four-month sentence would be insufficient because King had not "done anything" he was "supposed to do on . . . supervision" and had instead done "what [he] want[ed] to do." King then spoke on his own behalf, explaining that he had "made a mistake" and "was weak" and asking for leniency.

The district court then explained that it had reviewed the factors in 18 U.S.C. § 3553, and had considered the nature of King's violations, his health conditions, his need for drug treatment, and the need to promote respect for the law. It explained that the purpose of supervised release was "to get [individuals] help and

---

[2] By advocating for a shorter revocation sentence than he ultimately received, King preserved a challenge to the substantive reasonableness of the sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020).

rehabilitation so that they can go on and lead a law-abiding life when they get off of supervision." It expressed "frustration" that King had not capitalized on the resources offered him. Given these circumstances, the district court sentenced King to six months' imprisonment and ordered that he would "be placed on five years of supervised release." However, it noted that King would receive "six months' credit for the supervised release." The district court asked whether either party had any objection and, after neither party objected, the court adjourned the hearing.

The district court entered a written judgment to this effect. The judgment stated that King would be "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 6 months." It then stated that, upon release from imprisonment, King would be "on supervised release for a term of 5 years, with 6 months for credit for time served." King appealed.

## II. STANDARDS OF REVIEW

"We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354-55 (11th Cir. 2022); *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (applying the same standard of review to a sentence imposed on revocation of supervised release). "In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355 (internal quotation and citation omitted). A party challenging a sentence as

unreasonable bears "the burden of establishing the sentence is un-reasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Even if not raised by the parties, we may raise and correct clerical errors in district court judgments and remand with instructions to correct them. *See, e.g.*, *United States v. James*, 642 F.3d 1333, 1343-44 (11th Cir. 2011); *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). We generally review legal questions—such as whether a sentence exceeds the statutory maximum—*de novo*. *See United States v. Allen*, 302 F.3d 1260, 1269-76 (11th Cir. 2002); *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005).

## III. DISCUSSION

On appeal, King makes two arguments. First, King contends that the district court abused its discretion and imposed a substantively unreasonable sentence. He argues that the district court failed to consider relevant factors due significant weight and improperly balanced the relevant factors. He asserts that he had complied with "virtually all" of his supervised release conditions and had only violated those conditions by testing positive for drugs—not by committing crimes or failing to comply with instructions from his probation officer. He also notes that he was receiving substance abuse and mental health treatment as part of his supervised release and had been making progress. He highlights his many physical health ailments and contends that these facts, and the government's four-month recommended sentence, should have been given more weight by the district court. Given the totality of the

circumstances, he contends that the district court's sentence was an abuse of discretion.

On this point, the government disagrees with King and argues that the district court's sentence was not unreasonable.

"In deciding whether to revoke [a term of] supervised release, the [district] court must consider 'the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),' and (a)(4)-(7)." *United States v. King*, 57 F.4th 1334, 1338 (11th Cir. 2023) (quoting 18 U.S.C. § 3583(e)).  Under those provisions, a district court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C).

"[W]e have identified three ways in which a district court can abuse its discretion [and] impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Though the district court must consider all relevant sentencing factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others.  *Butler*, 39 F.4th at 1355.  A

court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). "Rather, a district court's acknowledgment that it has considered the §3553(a) factors and the parties' arguments is sufficient." *Butler*, 39 F.4th at 1355 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)).

Here, King has not borne his burden of showing that his sentence is substantively unreasonable. *Gonzalez*, 550 F.3d at 1324. The district court addressed King's mitigation arguments and acknowledged that it had considered those factors and the relevant § 3553(a) factors. *See id.*; *Sarras*, 575 F.3d at 1219. Thus, we do not believe the court failed to consider the mitigating facts that King highlights on appeal. *Amedeo*, 487 F.3d at 833. The district court also emphasized King's repeated failures to comply with the conditions of his supervised release and expressed frustration with his repeated positive drug tests. These facts were not irrelevant and, in light of the deference we give to sentencing courts, we cannot say the district court gave these facts unreasonable weight. *Butler*, 39 F.4th at 1355; *Irey*, 612 F.3d at 1189. Finally, to the extent that King argues that the district court should have deferred to the government's recommended sentence, we have affirmed sentences beyond the length recommended by the government. *See, e.g., United States v. Fox*, 926 F.3d 1275, 1282 (11th Cir. 2019). That is because our review is only to determine whether we are "left with the definite and firm conviction that the district court committed a clear error in judgment" and arrived at a sentence "outside the range of

reasonable sentences . . . ." *United States v. Clay*, 483 F.3d 739, 747-48 (11th Cir. 2007) (internal quotation and citation omitted). In sum, based on the record and the relevant factors, King has not borne his burden to show that his sentence falls into that category, so we affirm in this respect. *Gonzalez*, 550 F.3d at 1324.

In his second argument, King argues that we should remand so that the district court can enter a corrected judgment. He notes that the maximum length of imprisonment and supervised release the district court could have imposed was five years, under 18 U.S.C. § 3583(b)(1). Moreover, King contends that the district court's intent was clear that, because he was receiving six months' incarceration, he was receiving only four and a half years of supervised release. He argues that the judgment is written in an erroneous manner, stating that he received a five-year term of supervised release with "credit" for six months. He contends that this inadvertent wording mistake suggests that he received a term of supervised release of five years—in excess of the statutory maximum. He also suggests that the judgment's language is confusing because none of the operative statutory provisions use the term "credit" in the way as the judgment does.

On this issue, the government agrees with King, and argues that the district court intended to impose the maximum term of supervised release, not a term longer than the maximum. It contends that the written judgment is, accordingly, "confusing and could be interpreted as imposing a sentence above the statutory

24-11871                Opinion of the Court                11

maximum term of four-and-a-half years." It echoes King's request for remand for correction of the written judgment.

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after [that term of] imprisonment." 18 U.S.C. § 3583(h). However, that term of supervised release "*shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.*" *Id.* (emphasis added). The maximum term of supervised release for a Class B felony, such as a violation of 21 U.S.C. §§ 841(b)(1)(B), (b)(1)(C) and 846—*e.g.*, Count One here—is five years. *See* 18 U.S.C. §§ 3559(a)(2), 3583(b)(2); 21 U.S.C. §§ 841(b)(1)(B), (b)(1)(C) and 846.

Where there is a discrepancy between the written judgment and oral pronouncement, a district court's oral pronouncement of a sentence controls. *See United States v. Khoury*, 901 F.2d 975, 978 (11th Cir. 1990); *Patterson v. United States*, 386 F.2d 142, 142-43 (5th Cir. 1967)[3]; *see also, e.g.*, *United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987) (*en banc*) ("The written judgment and commitment order is not the sentence. If there is an ambiguity in the sentence, then such extrinsic evidence as the judgment and commitment

---

[3] All former Fifth Circuit decisions issued prior to the close of business on September 30, 1981, are binding preceding in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

order, the judge's intentions, or the defendant's understanding of what he believes the sentence to be, may be consulted.").

The concession of the government as a party "is not dispositive," *see United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), but we agree with the parties that the written judgment conflicts with the district court's oral pronouncement of the sentence and the district court's intent.

Because the district court imposed a six-month term of imprisonment, it could only impose four years and six months of supervised release to follow.    18 U.S.C. §§ 3583(b)(2), 3583(h); 3559(a)(1).  Reviewing the transcript, we agree with the parties that the district court did not intend to impose a term of supervised release in excess of four years and six months.  Instead, it sought to take the total maximum term of supervised release, five years, and subtract the six months' imprisonment, as the statute required, and impose the remainder—the maximum term given the six-month term of imprisonment—on King.  Yet the judgment states that, upon his release, King would be "on supervised release for a term of 5 years, with 6 months for credit for time served."[4]  Accordingly, we remand for the district court to enter an order reflecting that

---

[4] Perhaps it is the use of the term "credit" in this context that created the ambiguity, as that term suggests that the term of supervised release imposed was five years and King simply would receive credit towards his five-year term. Still, as we described above, a five-year term of supervised release would exceed the statutory maximum because King was sentenced to six months' imprisonment.

King's total sentence is six months' imprisonment to be followed by four and a half years of supervised release.

## IV. CONCLUSION

For the reasons we have explained, we affirm King's sentence because he has not shown that it falls outside "the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355. However, we agree with the parties that the district court's judgment, as written, causes confusion, so we remand with instructions that the district court enter a corrected judgment.

**AFFIRMED AND REMANDED.**